## PEOPLE v. GOLDBERG.

(Supreme Court, Appellate Division, First Department.    November 3, 1911.)

WEIGHTS AND MEASURES (§ 10*)—SALES UNDER WEIGHT—CRIMINAL LIABILITY.

> Under Penal Law (Consol. Laws 1909, c. 40) § 2411, making it unlawful for a seller of goods to knowingly deliver less than the quantity he represents, a butcher is not punishable on account of a transaction which did not result in a consummated sale.

> [Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 12; Dec. Dig. § 10.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
131 N.Y.S.—31

Appeal from Court of General Sessions, New York County.

Reuben Goldberg was convicted of selling goods at false weight, and he appeals. Reversed, and defendant discharged.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Bernard Fliashnick, for appellant.

Robert S. Johnstone, for respondent.

DOWLING, J. Defendant has been convicted of a misdemeanor in violating section 2411 of the Penal Law, which provides as follows:

"A person who injures or defrauds another by using with knowledge that the same is false, a false weight, measure or other apparatus, for determining the quantity of any commodity, or article of merchandise, or by knowingly delivering less than the quantity he represents, is guilty of a misdemeanor."

Defendant, who was engaged in business as a butcher, was claimed to have violated this section, in that he sought to charge one Brennan $2.97 as the purchase price of a turkey claimed by him to weight 11 pounds, when in fact it weighed but 10½ pounds. Brennan parted with no money, for defendant refused to accept a $5 bill tendered in payment. There is no claim that false weights were used, and the conviction must rest, if at all, on the contention that defendant had injured or defrauded Brennan in some way, by delivering less than the quantity of the article as represented. As Brennan gave no money or other consideration of any kind to plaintiff, never retained possession of the turkey, and the sale never was actually consummated, he never was injured or defrauded in any way. The evidence discloses no more, at most, than an attempt to commit the crime charged, and falls far short of justifying the conviction.

The judgment of conviction must be reversed, and the defendant discharged. All concur.