THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* SHEFFIELD FARMS-SLAWSON-DECKER COMPANY,
Appellant, Impleaded with Others.

Crimes — defrauding by false weights and measures — when
intent to defraud any particular person need not be averred or
proved — indictment — sufficiency of averments charging such
crime.

1. An information which contains an averment accusing a defend-
ant of the crime " of defrauding by false weights and measures in
violation of section 2411 of the Penal Law," is a sufficient accusation
of intent to defraud, since subdivision 5 of section 3. of that law
provides that "where an intent to defraud constitutes a part of a
crime, it is not necessary to aver or prove an intent to defraud any
particular person."

2. The offense created by this section relates to a single misde-
meanor and it may be committed either: 1. By using a false weight,
measure or other apparatus, with knowledge that the same is false.
2. By knowingly delivering less than the quantity represented. The
averments of the information sufficiently charge that misdemeanor
and no other.

*People* v. *Sheffield Farms-Slawson-Decker Co.*, 149 App. Div. 923,
affirmed.

(Argued June 21, 1912; decided June 29, 1912.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 2, 1912, which affirmed a judgment of the
Court of Special Sessions of the city of New York con-
victing the defendant appellant of a violation of section
2411 of the Penal Law relating to the use of false weights
and measures.

The facts, so far as material, are stated in the opinion.

*George W. Alger* for appellant. The facts stated in
the information did not constitute a crime and the motion
in arrest of judgment was erroneously denied. (*People*
v. *Buddensiek,* 103 N. Y. 487; *People* v. *Meakin,* 133

N. Y. 214; *People* v. *Jackson*, 191 N. Y. 293; Code Civ.
Pro. § 742; *People ex rel. Jones* v. *Langan*, 132 App.
Div. 393; *People* v. *Corbalis*, 178 N. Y. 516; *People* v.
*Pillion*, 78 Hun, 74; *People* v. *Dumar*, 106 N. Y. 502.)

*James C. Cropsey, District Attorney* (*Hersey Egginton* of counsel), for respondent. The facts stated in the
information constitute a crime within section 2411 of the
Penal Law, and the appellant's motion in arrest of judgment was properly denied. (*People* v. *Wiechers*, 179
N. Y. 459; *People* v. *Grossman*, 168 N. Y. 47; *Sterrett*
v. *I. Nat. Bank*, 122 N. Y. 659; *People* v. *D'Argenbour*,
95 N. Y. 624; *People* v. *Peckens*, 153 N. Y. 576; *People*
v. *Eaton*, 122 App. Div. 706, 712; 192 N. Y. 542; *People*
v. *Sattlekau*, 120 App. Div. 42; *People* v. *Lawrence*, 137
N. Y. 517; *People ex rel. Dunning* v. *Sampson*, 113 App.
Div. 35; *People* v. *Kliffel*, 160 N. Y. 371.)

Werner, J. This is an appeal from an affirmance of a
judgment of conviction under section 2411 of the Penal
Law, relative to false weights and measures. As the
affirmance at the Appellate Division was unanimous we
must assume that the evidence supported the charge set
forth in the information. The sufficiency of the information is challenged, however, by the defendant's motions
to dismiss the complaint, and its later motion in arrest of
judgment. We have, therefore, to consider the statute
and its effect, the purport of the information and the
grounds of the several motions made at the trial by the
appellant.

The statute under which the defendant was convicted
is found in article 216 of the Penal Law and is designated
as section 2411. It prescribes that "A person who
injures or defrauds another by using, with knowledge
that the same is false, a false weight, measure, or other
apparatus, for determining the quantity of any commodity, or article of merchandise, or by knowingly delivering

less than the quantity he represents, is guilty of a misdemeanor." The language of this section is simple and unequivocal. It forbids any person from injuring or defrauding another by " using, with knowledge that the same is false, a false weight, measure, or other apparatus, for determining the quantity of any commodity, or article of merchandise, or by knowingly delivering less than the quantity he represents." To state it somewhat more colloquially, the offense which the statute creates may be committed in either of two ways: 1. By using a false weight, measure or other apparatus, with knowledge that the same is false. 2. By knowingly delivering less than the quantity represented.

This statute (sec. 2411) is to be read *in pari materia* with several sections of the Penal Law which throw light upon its purpose and effect. First there is section 21, which declares that the provisions of the Penal Law are not to be construed according to the strict rule of the common law, but in consonance with " the fair import of their terms, to promote justice and effect the objects of the law." Then there is subdivision 4 of section 3 of the same law which provides that " The term 'knowingly' imports a knowledge that the facts exist which constitute the act or omission a crime, and does not require knowledge of the unlawfulness of the act or omission;" and subdivision 5 of the same section which declares that " Where an intent to defraud constitutes a part of a crime, it is not necessary to aver or prove an intent to defraud any particular person."

The appellant's present argument in support of its exception to the denial of its motion in arrest of judgment is much broader than the motion as made at the trial. The motion was based " on the ground that it is neither alleged in the information nor proven on the trial that anybody has been injured or defrauded whatever." The unanimous affirmance at the Appellate Division has foreclosed any further investigation as to the

6

sufficiency of the evidence, and upon this branch of the case we are, therefore, confined to a consideration of the single question whether the information charges that any one has been injured or defrauded. The exception taken to the denial of that part of the appellant's motion in arrest of judgment is the only one that survives. (*People* v. *Wiechers*, 179 N. Y. 459; *People* v. *Grossman*, 168 N. Y. 47.)

The learned counsel for the appellant argues that the information contains no charge that any one has been injured or defrauded. We have already referred to that part of the Penal Law which declares that "where an intent to defraud constitutes a part of a crime, it is not necessary to aver or prove an intent to defraud any particular person." The very first paragraph of the information contains an averment accusing the appellant of the crime " of defrauding by false weights and measures in violation of section 2411 of the Penal Law," and this we think is a sufficient accusation of intent to defraud under this statute. It is true that this general charge is followed by specifications to the effect that the appellant sold and delivered to Mills, the purchaser, several boxes of butter upon the representation that each contained two pounds of butter when in fact each contained several ounces less, and none of these specifications contained a repetition of the charge of injury and fraud. This omission might be material if the statute could be fairly construed as creating two separate and distinct misdemeanors, one of which could be committed only by the use of some implement or apparatus representing a false standard of weight or measure, and the other only by delivering a shortage in weight. Under such a construction there would be some basis for the assertion that the information under consideration charges the latter crime but not the former. That is, however, a narrow view of the statute to which we cannot subscribe. The statute deals generally and comprehensively with the subject of

weights and measures and its purpose is to enforce honest dealing by punishing fraud. It matters not by what particular means this form of cheating may be carried on. In one case it may be by the use of light-weighted scales, or undersized measures, and in another it may be by the delivery of light weight or short measure without the use of any visible standard. In every case the purpose of the statute is to reach intentional shortage in weight or measure without regard to the specific means by which this despicable kind of fraud may be sought to be accomplished. We think that section 2411 of the Penal Law relates to a single misdemeanor which may be committed in a variety of ways, and that the averments of the information sufficiently charge that misdemeanor and no other. We have examined the exceptions to the rulings of the trial court, in the reception of certain evidence that was objected to by the appellant, and think they present no error.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN and CHASE, JJ., concur; WILLARD BARTLETT, J., concurs in result; GRAY, J., absent.

Judgment of conviction affirmed.