## COURT OF APPEALS.

### July 12, 1922.

## THE PEOPLE v. DOMINICK VISCONTI.

(234 N. Y. 165.)

(1) FALSE WEIGHTS AND MEASURES—PENAL LAW, § 2411, CONSTRUED AND APPLIED.

The offense which the statute (Penal Law, § 2411), prohibiting the using false weights and measures, creates may be committed in one of two ways: (1) By using a false weight, measure or other apparatus, with knowledge that the same is false; (2) by knowingly delivering less than the quantity represented. The statute relates to a single misdemeanor, and it is, therefore, immaterial by what particular means the statute may be violated. The purpose of the statute is to enforce honest dealing by punishing frauds and the protection of the public against false weights.

(2) SAME—WHEN EVIDENCE THAT DEFENDANT KNOWINGLY DELIVERED A LESS QUANTITY OF COAL THAN THE QUANTITY REPRESENTED SUFFICIENT TO JUSTIFY HIS CONVICTION OF VIOLATION OF THE STATUTE.

Where defendant, who was engaged in the business of selling and delivering coal, was arrested, tried and convicted in Special Sessions for a violation of the statute (Penal Law, § 2411) in that he knowingly delivered to a customer a quantity of coal less than the quantity he represented it to be and the evidence showed that the customer ordered two tons of coal; that defendant delivered to him three thousand four hundred and fifty pounds of coal, representing the quantity to be two tons and that he had the weighmaster's slip showing the true weight in his possession, such evidence is sufficient to sustain the finding of the Special Sessions that when he delivered the coal upon the representation that the

2

quantity delivered was two tons, he knowingly delivered less than the quantity he represented and is sufficient to justify a finding that he violated the statute.

(3) SAME—PAYMENT AT TIME OF SALE NOT MENTIONED.

The fact that the customer did not pay for the coal at time of delivery thereof is not material. The statute omits reference to the question of terms of sale or payment and in the present case was violated if at all by defendant knowingly delivering less than the quantity represented. (*People v. Sheffield Farms-Slawson-Decker Co.*, 206 N. Y. 79, followed; *People v. Goldberg*, 146 App. Div. 950, distinguished.)

*People v. Visconti*, 201 App. Div. 863, affirmed.

APPEAL by defendant from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1922, which reversed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a violation of section 2411 of the Penal Law and granted a new trial.

*Charles A. Ludlow,* for appellant. The Appellate Division, instead of granting a new trial, should have discharged the appellant. (People v. Goldberg, 146 App. Div. 950.)

*John E. Ruston, District Attorney* (*John Francis Moore,* of counsel), for respondent. The conviction was justified by the evidence. (People v. Sheffield Farms-Slawson-Decker Co., 206 N. Y. 79.)

HOGAN, J.:

Section 2411, Penal Law, entitled " using false weights and measures," provides: " A person who injures or defrauds another by using, with knowledge that the same is false, a false weight, measure, or other apparatus, for determining the quantity of any commodity, or article of merchandise, or by knowingly delivering less than the quantity he represents, is guilty of a misdemeanor."

Defendant was accused of a violation of the stated section of the Penal Law in that he knowingly delivered to one Jane Pica a quantity of coal which he represented to be four thousand pounds, whereas in truth and in fact the actual quantity of goods delivered was but three thousand four hundred and fifty pounds as he well knew.

Judgment of conviction by the Special Sessions was reversed by the Appellate Division and a new trial ordered on the ground " that the evidence does not warrant a finding that defendant had consummated the crime charged in the information, although the evidence would have justified a finding of an attempt to commit the crime charged." The defendant appeals to this court and urges that the Appellate Division was in error in that a new trial was ordered whereas the defendant should have been discharged.

The defendant was engaged in the business of selling and delivering coal. Amongst his customers was one Mrs. Pica named in the information. Evidence was presented on the part of the People tending to show that on October 21, 1921, defendant delivered to Mrs. Pica a quantity of coal, that he told Mrs. Pica he had delivered two tons and he would call on Saturday, give her a slip and collect for the same, that he had paid $19.00 or $20.00 for the coal and that he wanted $26.50 for the two tons.

Two inspectors of weights and measures for the city of New York, on the afternoon of October 21, observed defendant with his horse and wagon enter the coal yard of the Wyoming Valley Company, drive upon the scales and after his wagon was weighed drive into the coal yard, load his wagon with coal, then pass out on to the scales where the wagon and contents were again weighed, the scales indicating 3,450 pounds of coal on the wagon, for which the weighmaster gave defendant a ticket showing that amount and told him it cost $19.15 at $11.25 a ton. Defendant paid the price, took the ticket and

drove directly to the house of Mrs. Pica and delivered the coal in the cellar. He was followed by the inspectors. After the coal was delivered defendant was about to get upon his wagon when he was approached by the inspectors and asked how much he charged for coal. Defendant replied $13.25 a ton. One of the inspectors disclosed his identity and said " let us go into the cellar;" they went and there found Mrs. Pica, the purchaser, her son and the man who assisted defendant in carrying in the coal. In the presence of the defendant, the inspector said to Mrs. Pica, " This man says he delivered coal to you at $13.25 a ton." Mrs. Pica replied, " That's what he told me," and the inspector further testified as follows: " I said, ' How much coal did you order ? ' She said, ' two tons.' I turned to defendant and says, ' How much coal did you deliver here ? ' He says, ' two ton.' I said, ' Are you sure you delivered two tons to this woman ? ' He said, ' Sure.' I said, ' You charged her $13.25 a ton ? ' He said, ' Yes.' I said, ' Did you collect ? ' He said, ' No, I didn't collect for it yet, but it is all right, I know the people.' I said to him, ' Are you sure you delivered two tons of coal to this woman ? ' He said, ' Sure.' I said to him, ' Now why do you lie, you didn't have two tons of coal on your wagon, why did you tell the woman you had two tons ? ' ' Well,' he said, ' Inspector it was two hundred pounds short.' I said, ' Give me the ticket for that coal.' " Defendant then gave the inspector a ticket showing he had purchased coal from William Nungasser, and said that ticket represented the coal that he bought, that it was two hundred pounds short.

The inspector then said to defendant: " Why this [ticket] is from the Nungasser Coal Company; you didn't get that coal there; you didn't have 3,750 pounds." He said: " I did." The inspector said: " We followed you from the Wyoming Valley Company where you bought 3,450 pounds; give us that ticket." He said he didn't have it, and the inspector said: " You give us that ticket or I will bring you to the station

house and find it." He then produced a ticket from the Wyoming Valley Company, and the inspector said: "That's the ticket, that's what we saw you buy and that's what you delivered as two tons," and gave defendant a summons. Both tickets were received in evidence.

The evidence of the inspector was corroborated by the second inspector and in material respects by the son of Mrs. Pica, who testified that defendant told his mother in reply to a question put by her as to how many tons he had delivered, "Two tons," that he had paid $19 or $20 for it and he wanted $26.50 for the two tons, and heard defendant tell the inspector that he had delivered two tons.

The defendant's version of the transaction was that after Mrs. Pica asked him for two tons of coal that he replied: "I will fill up the wagon, whatever it goes you get." "Then when I brought the coal and I delivered it she asked me, 'how much is this?' 'Well," I said, 'This bill it cost me $19.00 or $20.00, I didn't know.' I said, 'Have you got the money?' She said, 'No, I will pay you little by little, just as I can,' and I said, 'When you have paid, then I will give you the bill.' Then I came out, it was all over and I met the inspector."

Whether or not Mrs. Pica contracted with defendant to purchase and defendant to sell to her two tons of coal, and defendant claimed to have delivered to Mrs. Pica two tons of coal, and knowingly delivered but 3,450 pounds of coal, while charging her for two tons, was a question of fact for determination by the Court of Special Sessions which resolved the question adverse to the defendant, and such conclusion was supported by the evidence.

The evidence adduced upon the trial has been quoted for the purpose of aiding in the solution of a well-defined construction of section 2411, Penal Law, which has been overlooked in the decision in this case and a reiteration of which may be a guide to the courts in future cases arising under that provision.

In People v. Sheffield Farms-Slawson-Decker Co. (206 N. Y. 79) we had under consideration an appeal by the defendant from a conviction of a violation of section 2411, Penal Law. The defendant there was charged and convicted of having sold and delivered to one Mills several boxes of butter upon representation that each box contained two pounds while as matter of fact it was found that each box contained several ounces less weight.

Construing section 2411, Penal Law, we held that the offense which the statute creates may be committed in one of two ways: (1) By using a false weight, measure or other apparatus, with knowledge that the same is false; (2) by knowingly delivering less than the quantity represented. In other words, that the section of the law relates to a single misdemeanor, and it is, therefore, immaterial by what particular means the statute may be violated. The purpose of the statute is to enforce honest dealing by punishing frauds and the protection of the public against false weights and measures.

The defendant here was charged with knowingly delivering 3,450 pounds of coal, which was less than the quantity purchased and represented by defendant as having been delivered, to wit, two tons. The fact is evident that the Special Sessions found that Mrs. Pica ordered two tons of coal; that defendant delivered to her 3,450 pounds, representing the quantity to be two tons; that defendant had the slip showing the true weight in his possession, and, therefore, when he delivered the coal upon the representation that the quantity delivered was two tons, he knowingly delivered less than the quantity he represented. Such conclusion, when made upon evidence tending to sustain the same, is sufficient to justify a finding of violation of the statute. Neither is it material that Mrs. Pica did not pay for the coal at the time of delivery of the same. Defendant was privileged to sell and she to purchase the same on credit. The section of the Penal Law omits reference to the question

of terms of sale or payment and in the present case was violated if at all by defendant knowingly delivering less than the quantity represented.

Counsel for defendant relies solely on the case of People v. Goldberg (146 App. Div. 950) as sustaining his position that the Appellate Division was in error in granting a new trial and failing to discharge defendant. We reach a contrary conclusion. In that case, as stated in the opinion therein delivered, it appeared that defendant, who was engaged in business as a butcher, was charged with a violation of section 2411, Penal Law, in that he sought to charge for a turkey claimed by him to weigh eleven pounds when, in fact, it weighed but ten and one-half pounds. The court stated there was no claim that false weights were used and that the conviction must rest, if at all, on the contention that defendant had injured or defrauded the purchaser in some way by delivering less than the quantity of the article as represented; that as the purchaser did not retain possession of the turkey and the sale was never actually consummated he was not injured.

In view of our decision in People v. Sheffield Farms-Slawson-Decker Co. (supra), if defendant in the Goldberg Case had weighed the turkey upon his scales and such scales showed eleven pounds, whereas in truth and in fact the fowl weighed only ten and one-half pounds, upon ample evidence of such fact and knowledge on his part he might have been convicted of using false weights for determining the quantity of the commodity irrespective of the person to whom the sale was proposed to be made.

Akin to the case at bar we have had occasion to pass upon appeals in actions brought to recover a penalty for violation of municipal ordinances prohibiting the offer for sale of any commodity at a greater weight than the true weight thereof, and construed the ordinances as a prohibition against defraud-

ing purchasers of commodities when sold by weight or measure. (City of New York v. Steen, 233 N. Y. 595.)

Our conclusion is that the Appellate Division was in error in the determination made in its order. As the People did not seek a review of the same by cross-appeal, we are required to affirm the order in so far as it grants a new trial.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, and ANDREWS, JJ., concur.

Order affirmed.