THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DAVID BERMAN, Respondent.

Submitted June 3, 1938; decided July 7, 1938.

*Edward L. Schwartz* for respondent. Complainant was neither defrauded nor injured as required by law. (*People* v. *Kaminsky*, 245 App. Div. 768; *People* v. *Goldberg*, 146 App. Div. 950.) No delivery was proved. (*State* v. *Grant Co.*, 158 Minn. 334; *Gross* v. *Ajello*, 132 App. Div. 25; *Stanley* v. *Dryer*, 70 Misc. Rep. 561; *People* v. *Kaminsky*, 245 App. Div. 768; *People* v. *Goldberg*, 146 App. Div. 950.)

*Thomas E. Dewey, District Attorney* (*Ezekiel G. Stoddard* of counsel), for appellant. There was a delivery.

(*People* v. *Visconti*, 234 N. Y. 165; *People* v. *Goldberg*, 146 App. Div. 950.)

*Per Curiam.* A person does not commit the offense defined in section 2411 of the Penal Law unless he " injures or defrauds " another by one of the corrupt acts specified in the statute. A person does not " injure or defraud " another by delivery of less of a commodity than he represents unless that other suffers a detriment; but the detriment may be suffered through acceptance of the commodity with a promise, express or implied, to pay for such commodity as well as by immediate payment on delivery. (*People* v. *Visconti*, 234 N. Y. 165.)

The defendant in this case has not been charged with a violation of section 2411 of the Penal Law but with violation of section 188 of the Agriculture and Markets Law (Cons. Laws, ch. 69). A person who " with knowledge that the same is false, shall use a false weight, measure, or other apparatus, for determining the quantity of any commodity or article of merchandise, or knowingly deliver less of any such commodity or article of merchandise than the quantity he represents " commits the offense defined in that section. The Legislature has provided a penalty for the corrupt acts specified. Upon the trial of a charge that a person " has knowingly delivered less of a commodity or article of merchandise than he represented," the People must of course prove a *delivery* by a dealer to a customer of an article of merchandise. The People are not under the burden of proving that by such delivery the defendant succeeded in injuring or defrauding.

A physical tender of possession by one person to another who accepts such possession is ordinarily sufficient to constitute a delivery. Delivery under a contract of sale does not, it is true, pass title where it is conditional upon payment of the purchase price. Perhaps without unconditional delivery sufficient to pass title, the proof that a person is injured or defrauded is incomplete under

a charge of violation of section 2411 of the Penal Law. Even a conditional delivery by a dealer to a customer may be sufficient to constitute a violation of section 188 of the Agriculture and Markets Law. In this case, however, there is no proof of delivery, even conditional, by a dealer to a customer. Before the defendant tendered possession the complaining witness seized the article on sale. We agree with the Appellate Division that the charge was consequently not proven.

The judgment should be affirmed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment affirmed.