ROCHESTER BREWING COMPANY, INC., Plaintiff, *v.* CERTO BOTTLING WORKS, INC., et al., Defendants.

Supreme Court, Special Term, Monroe County, August 16, 1948.

*Charles S. Wilcox* for plaintiff.

*George E. Carrie* for defendants.

CRIBB, J. This is a motion by defendants to dismiss the amended complaint on the grounds that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

The plaintiff is a manufacturer of ale and beer. In 1935 the defendant corporation became a distributor of plaintiff's products in Niagara Falls and vicinity. This business relationship continued to November, 1947, when plaintiff notified defendant corporation that due to defendant's failure to pay for merchandise received from plaintiff according to existing arrangements plaintiff was discontinuing business relations with defendant corporation and that the latter would no longer be a distributor of plaintiff's products. The amended complaint sets forth various alleged defaults of defendant corporation in paying for merchandise received by it, a compromise settlement and subsequent transactions, all of which, due to further alleged defaults in payment by defendant corporation, led up to the said notice to defendant that it could no longer act as distributor of plaintiff's products. It further alleges that " on about January 26, 1948, the defendants maliciously made and caused to be published and distributed throughout the City of Niagara Falls, N. Y. and surrounding territories where plaintiff's products were sold the following false statement concerning the plaintiff and plaintiff's business:

" AN OPEN LETTER TO THE PUBLIC.

January 23, 1948

Due to malicious rumors and exaggerated speculations which are entirely unwarranted, we, the management of the Certo Bottling Works, Inc., feel obliged to issue the following statement to our friends and patrons at large in rebuttal:

Because it is ever the policy of the Certo Bottling Wks., Inc. to serve you the very finest in beers and ales, we found it necessary to sever our business relations with the Rochester Brewing Co., brewers of Old Topper Beer & Ale.

In line with our policy we offer you the following brews:

*SCHLITZ*

Carlings Red Cap

Carlings Black Label

Langs New Beer and Ale

Graupners Silver Stock Beer

Graupners Jolly Scot Ale & Porter

These fine imports:

Labatts Canadian Ale

Olands Canadian Stout

Heinekens Holland Beer

We shall sincerely appreciate your continued patronage, cooperation and faith.

CERTO BOTTLING WORKS, INC.

Peter Certo "

The amended complaint then alleges that it was the intent of the defendants, by such publication, to represent that plaintiff's products were of inferior quality, the untruthfulness of the statement that defendants had severed their business relationships with plaintiff, etc., and finally alleged that by reason of the premises, the sale of plaintiff's products had been decreased in the locality in which said statement was published and its sales reduced in quantity by reason thereof, its revenue diminished, and its property rights and business prestige impaired, all to plaintiff's damage in the sum of $10,000.

In support of this motion defendants submit that the action is for libel, and they therefore contend that the amended complaint contains specified superfluous allegations while it fails to allege special damages and other facts which are material and necessary to support an action in libel. The plaintiff contends that the action is not in libel, but rather is an action to recover damages for economic injury sustained by plaintiff as the result of a fraudulent, malicious and known false statement made by defendants with the intention of impairing plaintiff's business and business interests in the localities where its products are sold. This court finds the position of the plaintiff well taken, and that the cases submitted by defendants in their memorandum are not applicable herein.

The complaint alleges bad faith on the part of the defendants in publishing the statement which is the basis of this action and that the same was made maliciously and fraudulently. It appears to this court that the published statement by defendants constituted something more than a mere expression of opinion. as to the quality of plaintiff's products, and if so might render them liable in damages. However, under such circumstances, whether a representation is an expression of an opinion or an affirmation of a fact is a question for the jury. (*People* v. *Peckens,* 153 N. Y. 576, 591. Also see Restatement, Torts, § 626.)

In *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79) the court held that the second cause of action in that complaint stated a good cause of action and was not based upon a trade libel, but rather set forth a cause of action for economic injury based on acts and representations on the part of the defendants made wantonly and with intent to injure the plaintiff. The facts in that case were similar to those of the instant case and the reasoning of the court in that case should be adopted in determining this motion.

The motion to dismiss the amended complaint is denied, with $10 costs.

Let order enter accordingly.