LARRY STAMPS, Plaintiff, *v.* MILLS MUSIC, INC., et al., Defendants.

Supreme Court, Special Term, New York County, October 13, 1949.

*Abner Greenberg* for plaintiff.

*Samuel Jesse Buzzell* and *Theodore R. Kupperman* for defendants.

HOFSTADTER, J. The plaintiff moves to strike on various grounds the affirmative defenses and counterclaims in the answer. The plaintiff, the author and composer of a song entitled " Said The Little Train," pronounced the winning song in a contest, entered into a written contract with defendant Mills Music, Inc., for the publication of his song and on the execution of the agreement received an advance against royalties. He complains in this action not alone of the failure to publish and exploit his song but, in addition, of the publication by the defendant American Academy of Music, Inc., a subsidiary of Mills, of another song entitled " Down By The Station " charged to be a plagiarism of the plaintiff's song. This asserted unfair dealing has seriously impaired and threatens to destroy the value of the plaintiff's song. In this action he, therefore, prays for an injunction against the further publication of " Down By The Station," an accounting of profits and damages.

The first defense attacked for insufficiency pleads a provision of the agreement to the effect that the publisher may permit others to use the plaintiff's song " in any manner " and that the plaintiff is not to be entitled to any part of the royalties or other payments received by the publisher (Mills) for the grant of such permission. In my opinion this defense is clearly insuffi-

cient and must be stricken. The clause invoked contemplates the licensing in some form of the plaintiff's song to others, and certainly was not intended to give immunity for a wrongful appropriation and an unfair use of the plaintiff's literary property such as that complained of.

The second defense also challenged states that the plaintiff was informed that "Down By The Station" was being published and publicly distributed and that he consented to such publication and distribution. As now pleaded I hold this defense insufficient. There is no statement that the plaintiff was informed in advance of the intended publication and that the defendants proceeded in reliance on or otherwise changed their position because of the plaintiff's consent. There is no allegation of a release or waiver. In the absence of some such allegation the defense fails, though this action is in equity, and is accordingly stricken.

The first counterclaim pleads a warranty in the written contract that the plaintiff was the sole author and composer and the absolute owner of the musical composition assigned to Mills, a breach of the warranty in that "Said The Little Train" was not original with the plaintiff, and a consequent election to rescind and tender of a reassignment of all rights received from the plaintiff. A warranty that one is the sole author and composer of a work would be without purpose unless it meant that the work was original with the person making the warranty. I hold the warranty pleaded here to mean just that and, therefore, the first counterclaim is sufficient.

The second counterclaim repeats the foregoing breach of warranty and then alleges that the defendant Mills did publish "Said The Little Train" pursuant to the original agreement with the plaintiff and that, as a result, rights of third parties under the United States copyright law have been infringed to the damage of Mills. The plaintiff challenges the sufficiency of this counterclaim on two grounds: that (a) Mills has not legal capacity to recover on the counterclaim and (b) the court has not jurisdiction of the subject of the action. In my opinion, neither of these grounds is well taken. The plaintiff misconceives the purport of this counterclaim. The defendant Mills is not seeking to enforce the rights of the injured third parties whose copyrights have been infringed through publication of "Said The Little Train". It complains of its own exposure to liability at the suit of these third parties due to the plaintiff's breach of warranty. While this court would not have jurisdic-

tion of a copyright infringement action brought by any of these third parties, the counterclaim, as stated, is not interposed in vindication of any copyright. It is simply for breach of warranty and obviously this court has jurisdiction of such a claim. Since the grounds on which it is sought to dismiss the second counterclaim are untenable, it cannot be dismissed. Whether the counterclaim sufficiently states a cause of action is not before me.

The third counterclaim alleges that the plaintiff, knowing he had consented to the publication of " Down By The Station " and that there was no appropriation of any original idea or lyrical phrase belonging to him, falsely and maliciously misrepresented that the defendants were guilty of unfair dealing and breach of trust, that these misrepresentations were made to various persons by word of mouth and that the plaintiff caused their publication in " Variety ", a weekly newspaper, and that as a result the reputation of the defendants in the musical industry and their standing as publishers of musical compositions have been jeopardized and the potential value of all songs published by them, including " Down By The Station ", has been impaired. The asserted defects of this counterclaim are that it fails to state a cause of action and that it is not one which may be interposed in the action. The second ground is clearly without merit and requires no comment (Civ. Prac. Act, § 266).

This counterclaim, however, fails to state a cause of action. The defendants do not attempt to support it as a statement of a cause of action for libel or slander, undoubtedly realizing that it does not comply with the requirements of pleading such a cause of action. The counterclaim falls far short of alleging a cause of action under the doctrine of cases such as *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79). This counterclaim is, therefore, dismissed.

The motion to strike the first and second affirmative defenses is granted. The motion to dismiss the first and second counterclaims is denied. The motion to dismiss the third counterclaim is granted. The defendant may serve an amended answer within ten days after service of a copy of the order hereon with notice of entry. Settle order.