## MASTERCRAFTERS CLOCK & RADIO CO. v. VACHERON & CONSTANTIN-LE COULTRE WATCHES, Inc.

United States District Court
S. D. New York.
Feb. 18, 1953.

Clarence E. Threedy, Chicago, Ill. (Carb, Reichman & Luria, New York City, Sydney A. Luria, New York City, of counsel), for plaintiff.

Goodwin, Danforth, Savage & Whitehead, New York City (W. F. Clare, Jr., W. B. Morton, Jr. and Stanton T. Lawrence, Jr., New York City, Pennie, Edmonds, Morton, Barrows & Taylor, New York City, of counsel), for defendant.

SUGARMAN, District Judge.

Mastercrafters Clock & Radio Co., (hereinafter called plaintiff), filed its complaint:

against Vacheron & Constantin-Le Coultre Watches, Inc., (hereinafter called defendant), wherein it was alleged the facts on which the jurisdiction of the court is found and the following: Prior to July, 1952, plaintiff designed an electric clock which, since that date, it has sold throughout the United States under the trademark "Mastercrafters" "Mastertime" clock, Model No. 308. This clock is enclosed in a crystal case and embodies a dial, hands and pendulum, each of a design and configuration which is and has been in common use in the industry for over fifty years. Each of these clocks, hereinafter referred to as the "No. 308", is shipped to the purchaser in a distinctive carton bearing plaintiff's trade-marks and each bears labels having printed thereon plaintiff's name and trademark. The defendant is one of the distributors of a clock operated by changes in atmospheric temperature, hereinafter called the "Atmos". The "Atmos" clock is not protected by any patent or copyright registration of the United States. Its entire design, style and configuration are common in the clock manufacturing industry and have been used for more than fifty years, by reason of which, neither defendant, nor Wittnauer et Cie, S.A., the manufacturer of the "Atmos" clock, nor Longines-Wittnauer Watch Co., Inc., another distributor of the "Atmos", has any property right in such design, style and configuration such as would support a claim of unfair competition in law or equity. Defendant, in its advertising, distinguishes the "Atmos" from other clocks on the market by emphasizing, among other features, its unique source of power. Plaintiff's "No. 308" cannot be confused in the mind of a potential customer with the "Atmos" because the "No. 308" is powered by electricity and both clocks embody a design and configuration in common use in the clock manufacturing industry. Defendant, knowing that it has no property right in nor the exclusive right to the design and configuration of the "Atmos" clock and that it is not the sole distributor of, nor the manufacturer of the "Atmos", has wilfully charged and now charges purchasers of plaintiff's "No. 308" with unfair trade competition in the sale by such purchasers of the "No. 308" on the misleading and false claim that the "Atmos" clock is manufactured by the defendant, that defendant has the exclusive right to the design and configuration thereof, and that defendant is the sole distributor of the "Atmos", to the irreparable damage of the plaintiff. Defendant has wilfully threatened and now threatens the trade dealing with plaintiff in connection with its "No. 308" with suit for unfair competition and by telegrams to a number of plaintiff's purchasers has made the same threats directly to such purchasers, to discourage their purchase of the "No. 308", and by such threats has caused the cancellation of orders placed with plaintiff for its "No. 308", damaging plaintiff in an amount in excess of $1,000,000.

By reason of the foregoing, which, the complaint continues to allege, constitutes unfair trade competition, plaintiff seeks money damages and a judgment declaring that it, by manufacturing, advertising and selling its "No. 308"

"does not compete unfairly in trade with the defendant and that the defendant does not have a property right in nor the exclusive right to the design and configuration of the 'Atmos' clock such as would support a charge of unfair trade competition against plaintiff * * *".

Plaintiff also prays for an injunction restraining the defendant and all persons acting in aid of or in concert with it, from

"intimidating and harassing the purchasers of plaintiff's Mastercrafters clock, Model No. 308, and from claiming and/or asserting in any manner whatsoever that plaintiff's Mastercrafters clock, Model No. 308, is a counterfeit of the said 'Atmos' clock, and from unlawfully interfering in any manner with the business of the plaintiff in the sale of plaintiff's Mastercrafters clock, Model No. 308 * * *",

and for a "temporary" injunction restraining these acts and further restraining defendant

"from instituting or threatening to institute suit against plaintiff's purchasers of said Mastercrafters clock, Model No. 308, charging such purchasers with unfair trade competition in the sale by said purchasers of said Mastercrafters clock, Model No. 308 * * *".

The answer, as amended, asserts four "defenses" and a counterclaim. The "defenses" are that (1) the complaint fails to state a claim against defendant upon which relief can be granted; (2) the defendant has acquired an exclusive property right in the distinctive design, configuration and appearance of its "Atmos" clock by the exclusive use of the same since 1939 by defendant, its predecessors and associates, whereby said distinctive design, configuration and appearance has come to identify to the jewelry trade and the public in the United States the "Atmos" clock, the product of defendant, its predecessors and associates; (3) the plaintiff is unfairly competing with defendant in that plaintiff's "No. 308" is a flagrant "counterfeit" and imitation of the "Atmos" and was copied therefrom; and (4) defendant admits some of the allegations of the complaint, denies others, avers that the Longines-Wittnauer Watch Co., Inc., is a distributor of the "Atmos" only in its position as parent corporation of defendant, and further asserts that the manufacturer of the "Atmos" clock is "Jaeger-Le Coultre, S.A.", not "Wittnauer et Cie, S.A.," as is alleged in the complaint. The fourth defense continues by asserting that the sale in the United States of plaintiff's "No. 308" is an act of unfair competition with the defendant and that defendant has so advised plaintiff, the trade and distributors, and has commenced actions for unfair competition against four distributors.

For its counterclaim, defendant alleges that it is, and has been since 1939, the sole distributor of the "Atmos" clock, which during that time to the present, was and is sold in a form and configuration of distinctive and distinctly recognizable appearance, said appearance being the result of the pleasing cooperation of a large number of non-functional design features. That since 1939, the "Atmos" clock has

been extensively advertised in the United States at great cost and the watch and clock trade of the United States and the public have come to recognize the appearance of defendant's "Atmos" clock as distinctive and identifying the "Atmos", and the appearance of this clock has come to be associated with defendant and defendant's trade name "Le Coultre" as a symbol of its precision manufacture and watch making prestige. That, prior to July 30, 1952, plaintiff had undertaken to manufacture, distribute and sell to the retail trade throughout the United States a counterfeit of defendant's "Atmos" clock, that is, plaintiff's "No. 308", which counterfeits were offered for sale by plaintiff to distributors expressly as a counterfeit of the "Atmos" and the distributors accepted the "No. 308" as a counterfeit with the hope and expectation of profiting from defendant's established good name and reputation and the established prestige and distinctive appearance of the "Atmos" clock in wanton disregard of the great damage that would inevitably thereby be caused the defendant.

By reason of the allegations contained in its counterclaim, defendant demands (1) dismissal of the complaint; (2) a permanent injunction restraining plaintiff and all persons acting in aid of or in conjunction with it from selling or offering for sale or advertising or distributing the "No. 308" or any other colorable imitation of the "Atmos" clock; (3) a preliminary injunction restraining the same acts; (4) an accounting, and (5) costs.

Plaintiff now moves (Motion No. 14) for an "injunction *pendente lite*" restraining and enjoining defendant and all others acting in concert with defendant

"from suing or threatening to sue and from prosecuting any now pending suits for alleged unfair competition against the purchasers of and dealers in plaintiff's Mastercrafters Mastertime clock, Model No. 308, and from in any manner harassing or intimidating the customers and dealers of plaintiff in the sale or offering for sale by such customers and dealers

of plaintiff's said clock, Model No. 308."

Defendant moves (Motion No. 13) for "an order" restraining and enjoining plaintiff, and all persons acting in aid of or in conjunction with it

"from manufacturing, distributing, advertising or offering for sale in any manner whatsoever the Mastercrafters No. 308 clock or any other colorable imitation of the 'Atmos' clock distributed by the defendant * * *".

For purposes of plaintiff's motion, the cardinal allegations of the complaint are those concerning defendant's malicious interference with plaintiff's contractual relations with plaintiff's customers, destroying plaintiff's business insofar as the "No. 308" is concerned. Defendant concedes that it has taken measures to impede plaintiff's distribution of the "No. 308" by warnings to the trade, by threatening telegrams sent to plaintiff's distributors and by the institution of lawsuits against four distributors of the "No. 308" in the State courts of New York and Pennsylvania. Absent a justification for this interference, defendant is liable to be enjoined from continuing such activities.[1]

The essence of defendant's counterclaim is so much thereof as alleges plaintiff's misappropriation of defendant's alleged "property rights" in the design and configuration of the "Atmos" clock, which, defendant claims, amounts to unfair competition by reason of the secondary meaning which has been generally given to the appearance of the "Atmos" by the trade and the buying public.

The crucial issue in this case arises from the clash between defendant's claim to the exclusive right to distribute a clock of the design and configuration of the "Atmos" and plaintiff's denial of the existence of this claimed right.

Prescinding for the present from preliminary questions whether "Federal" or "local" law governs this case and whether defendant has a status to challenge plaintiff's conduct because it has not shown itself to be the sole distributor of the "Atmos" clock, a more fundamental question must first be considered and that is, what does the appearance, i. e., the design and configuration of the "Atmos" clock mean to the public? Absent a finding of "secondary meaning" to the buying public, the defendant has no rights in its unpatented design which would authorize the restraint of imitation thereof.[2]

There can be no doubt that plaintiff has copied the "Atmos" with the purpose of exploiting the commercial value of that clock's design. Plaintiff's claim that its designer Hancock created the "No. 308" from the prior art without specific reference to the "Atmos" is incredible and a comparison of the two conclusively establishes the fact of imitation, having in mind Hancock's admission that he owned an "Atmos" for some time prior to "creating" the design of the "No. 308".

However, plaintiff's "free ride" is not unfair competition unless it is exploiting not merely the appearance of the "Atmos", but also the alleged "secondary meaning" of the "Atmos", if such exists, in the mind of the buying public.[3] Stated otherwise, only if the design of the "Atmos" has been so fixed in the buyer's mind as to create a "secondary meaning" so that the buyer, when viewing the slavish imitation of the "Atmos" by the "No. 308" concludes therefrom that they emanate from the same source, may the defendant prevail.

There is not sufficient evidence in the moving papers, depositions and exhibits to support a finding that there is any likelihood of "consumer-confusion as to source", resulting from the appearance of

1. Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401.

2. Briddell, Inc. v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416.

3. Briddell, Inc. v. Alglobe Trading Corp., Note 2 supra; Luxor Cab Mfg. Corporation v. Leading Cab Co., 125 Misc. 764, 211 N.Y.S. 886, affirmed 215 App.Div. 798, 213 N.Y.S. 847; Mavco, Inc. v. Hampden Sales, Ass'n, 273 App.Div. 297, 77 N.Y.S.2d 510.

the "No. 308" on the market. The court, on the present record, cannot decide what the appearance of the design and configuration of the "Atmos" clock means to the buying public and, *a fortiori,* cannot decide whether the appearance of the "No. 308" has resulted or will result in confusion of the plaintiff-manufacturer of "No. 308" with the manufacturer of the "Atmos" in the public mind.

Accordingly, defendant's motion for a preliminary injunction is denied.

■ The plaintiff's motion for a preliminary injunction is also denied. In view of the finding that plaintiff has deliberately copied defendant's "Atmos" clock, the court does not feel that it would be equitable to restrain the defendant, in the absence of a clear and convincing demonstration by plaintiff that defendant does not have exclusive rights in the appearance of the "Atmos" clock, from taking such reasonable measures as defendant has in attempting to protect what it in good faith believes to be its "property" rights in the design of its clock.

The decision of whether defendant's complained of conduct is unjustified must await such time as the court passes on the question of what are defendant's rights in the appearance of the "Atmos" clock.

In view of the foregoing, it is unnecessary to discuss at this time the other questions of law and fact raised on these motions.

This court is indisposed, by the device of a hearing on these cross applications for preliminary injunctions, to prefer this cause above many others previously filed. The parties, however, may avail themselves of the right to apply for a preference in the trial of this suit before the Calendar Judge of this district[4] who is best enabled to weigh a plea of immediacy as against other pending cases.

Settle findings of fact, conclusions of law[5] and an order in conformity with the foregoing upon each motion.

4. Southern District Calendar Rules 11(e) and 2.

5. Fed.Rules Civ.Proc. rule 52(a), 28 U. S.C.A.