JOHN INGRAHAM, Respondent, v. C. WALTER ANDERSON et al., Doing Business as ANDERSON FISCHER ASSOCIATES, Appellants and Third-Party Plaintiffs. SAMUEL GUTTMAN et al., Doing Business as GUTTMAN & SONS, Third-Party Defendants.— Appeal from an order of the Supreme Court, Broome County, denying the motion of the defendants to dismiss the complaint for insufficiency on its face. The motion, as originally made, was addressed to the whole of the complaint and, since the first cause of action was conceded to be sufficient, the Special Term correctly denied the motion. A motion addressed to the sufficiency of a complaint is properly denied if any one of the causes of action set forth in the complaint is sufficient (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79). However, upon the oral argument of this appeal, the attorney for the plaintiff-respondent consented to having the motion considered as one addressed to the second cause of action alone so that the sufficiency of that cause of action could be determined at this time. Treating the motion as one addressed to the second cause of action, we hold that the motion should be granted and the second cause of action dismissed and that judgment on the pleadings should be granted accordingly. The plaintiff was an employee of a subcontractor upon a job for which the defendants were the general contractors. The first cause of action alleges that the plaintiff was injured through the negligence of the defendants. The second cause of action rests upon the provisions of the general contract

between the defendants and the Binghamton Housing Authority and the provisions of the performance bond given pursuant thereto but we find nothing in the provisions quoted in the complaint from the contract and bond to sustain the theory that the defendants had thereby assumed an absolute contractual obligation to be responsible for injury to the employees of subcontractors. The provisions merely require the general contractors to exercise care. They make them liable for any injury which might occur as the result of their "fault or negligence in connection with the prosecution of the work". The plaintiff's claim for negligence, based both upon common-law and statutory violations, is fully set forth in the first cause of action. Order appealed from modified by granting the defendants' motion to dismiss the second cause of action and accordingly granting judgment on the pleadings in favor of the defendants, with respect to that cause of action, and, as so modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.