Aron Steueb, J.
The complaint alleges that plaintiff is the owner of a hotel and the defendant is a tenant, operating a barbershop in the hotel pursuant to a lease. The complaint further alleges that defendant solicited and encouraged the patronage in the barbershop of notorious underworld characters. It is alleged that this is a breach of the lease amounting to a forfeiture but that defendant has refused to give up his lease. For this plaintiff seeks damages. The second cause of action pleads the same facts as constituting a breach of a covenant of the lease and seeks damages for that breach.
On the first cause of action the parties have argued various matters in reference to the sufficiency of the pleading. None of these has significance in the face of the patent fault in the complaint. The gravamen of the complaint is that defendant having forfeited his lease has failed to remove himself from the premises. Plaintiff claims to have been damaged by this. But no facts are alleged to show how it has been damaged. There is no allegation that plaintiff is being deprived of the rental value of the demised premises. Eviction is not sought nor a declaration of the right to evict. No damage at all is shown from the failure to evacuate.
*641 As regards the second cause of action the lease contains a clause that the tenant will conduct its business in the demised premises in a suitable manner considering that the premises are part of a high-class hotel. Defendant argues that as a barbershop, defendant could not legally refuse to serve any patron that might come in. (Civil Rights Law, § 40.) But the breach complained of is not serving that kind of patron but soliciting and encouraging his patronage. It is at least arguable that such a manner of doing business is not suitable for a hotel.
It follows that the first cause of action is bad, the second good. Plaintiff argues that as the motion is directed to the complaint as a whole it must therefore be denied. And there is respectable authority for that contention (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79). However, to avoid unnecessary repetitive motions this motion will be considered as one to dismiss each of the causes of action separately. Accordingly, it will be granted as to the first and denied as to the second with leave to plaintiff to serve an amended complaint, if so advised, on or before May 12, 1958 on payment of $10 costs.