**DEFIANCE INDUSTRIES, INC.,**
**Plaintiff,**

v.

**Joseph C. GALDI, Rita D. Galdi, Galdi Securities Corp. and Norte & Company, Defendants.**

**No. 63 Civ. 3662.**

United States District Court
S. D. New York.

Sept. 25, 1964.

Saxe, Bacon & O'Shea, New York City, for plaintiff.

Milton Paulson, New York City, for defendants.

TYLER, District Judge.

Plaintiff is an Ohio corporation, the stock of which is listed and traded on the American Stock Exchange. Defendants Joseph and Rita Galdi are New York residents and are the only partners of defendant Norte & Co., a New York partnership. Defendant Galdi Securities Corp. is a New York corporation engaged in the stock brokerage business.

The complaint alleges that from August, 1962, until the date of the complaint in December, 1963, the defendants have used manipulative and deceptive devices and contrivances in connection with the purchase and sale of plaintiff's stock on the American Stock Exchange in violation of 15 U.S.C. § 78j and S.E.C. Rule 10b–5 (17 C.F.R. 240.10b–5) to the injury of plaintiff's former and present shareholders and to the injury of plaintiff's good name, credit and reputation. Such devices are alleged to have included a frivolous shareholders' action, the issuance of false and damaging statements respecting plaintiff to the public press, the encouragement of plaintiff's shareholders to sell and the discouragement of others from buying plaintiff's stock and the use of selective trading to depress the market price of plaintiff's stock, all to enable defendants to purchase Defiance stock at reduced prices.

Plaintiff, asserting diversity jurisdiction, also belatedly contends that if it has no claim under Rule 10b–5, it never-

theless has a cognizable claim for damages upon the theory of *prima facie* tort.[1]

Defendants have moved for judgment on the pleadings and, on the basis of the deposition of plaintiff's president and all other proceedings heretofore had herein, for summary judgment.

S.E.C. Rule 10b–5 provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

■■ It is now clear that, under certain circumstances at least, one need not be a party to a purchase or sale transaction with the defendant in order to recover damages under Rule 10b–5 and that, more particularly, a corporation may recover trading losses incurred by its stockholders and itself. Hooper v. Mountain States Securities Corp., 282 F.2d 195, 5th Cir., 1960, cert. den. 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); Pettit v American Stock Exchange, 217 F.Supp. 21, S.D.N.Y.1963.

■ But analysis of the present complaint and plaintiff's memorandum establishes that plaintiff is seeking to recover trading losses allegedly sustained by present and past shareholders alone. As I read *Hooper, Pettit* and similar cases, the courts to date have not permitted such a theory of recovery under Rule 10b–5.

It is true that plaintiff complains of injury to its own name, reputation and credit. The complaint, however, seeks to tie in and measure damages by means of allegations of decline in market price of its shares held by its stockholders. There are no allegations that plaintiff traded in its own shares or sustained direct losses from such asserted decline in market prices. Thus, if we were to assume that the stockholders were to complain of and recover damages for their direct losses, plaintiff here in practical effect would be asking the court to permit double recovery for the same actionable wrongs. Moreover, it would be a curious remedy indeed for injuries done to individual sellers of stock to assess damages in favor of the corporation, thereby presumably enhancing the value of equity shares in the hands of buyers (including, allegedly, these very defendants) without aiding the injured sellers in any perceptible manner.

■ Turning to the plaintiff's second theory of *prima facie* tort, there can be no doubt but that New York law permits such a cause of action when grounded upon properly pleaded allegations of tortious conduct directly or proximately causing damage to plaintiff. Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401 (1946). Again, however, assuming that the present complaint adequately pleads such conduct on the part of the defendants, it is devoid of any clear allegations of damage to plaintiff as a proximate result thereof.

Particularly in the light of the allegations appearing in paragraphs "17" and "18" of the complaint, it could be said that the pleading is as defective upon the *prima facie* tort theory as it is under Rule 10b–5, and for some of the same reasons. More particularly, it could be inferred that plaintiff will be unable to prove any damages to it directly and

1. A close reading of the complaint suggests that its draftsmen did not have in mind such a theory at the time of its preparation and filing.

proximately resulting from any acts of defendants upon a *prima facie* tort theory. For example, the complaint is at least ambiguous as to whether plaintiff suffered damages of any kind as a direct result of defendants' claimed acts. Similarly, the pretrial testimony of plaintiff's president is rather vague insofar as establishing any compensable impact of defendants' conduct upon the affairs of plaintiff corporation. Nevertheless, to give plaintiff the benefit of the doubt, it must be observed that its president has testified that defendants made false statements in the financial community which caused plaintiff to lose business. (Muscat transcript, SM 51–52). Consequently, it would seem appropriate to grant defendants' motion to dismiss the present complaint upon condition that plaintiff have leave, if so advised, to serve an amended complaint spelling out in reasonably concise fashion its claim of *prima facie* tort.

Settle an order accordingly.