■ FREDERICK C. CARNER et al., on Behalf of Themselves and All Other Professional Fire Fighters Similarly Situated and Employed by the CITY OF BUFFALO, Respondents, v. CITY OF BUFFALO, Appellant.— Order unanimously modified by deleting all decretal paragraphs except the first paragraph denying defendant's motion to dismiss the complaint, and as so modified affirmed, without costs. Memorandum: On this appeal from an order denying the motion of the defendant City of Buffalo to dismiss the complaint and granting on the same motion the affirmative relief to plaintiffs sought in the complaint the court treated the proceeding as an article 78 proceeding in the nature of mandamus to compel the performance of a statutory duty to grant compensatory time off or monetary compensation for holidays worked as required by section 258 of the Buffalo City Charter. At this stage of the case the complaint should be sustained as stating on its face at least one good cause of action which is sufficient to defeat a motion to dismiss it for legal insufficiency. (*Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79; *Oldham* v. *McRoberts*, 18 A D 2d 773; *Matter of Policeman's Benevolent Assn. of Westchester County* v. *Board of Trustees of Village of Croton-on-the-Hudson*, 21 A D 2d 693; *Griefer* v. *Newman*, 22 A D 2d 696; 6 Carmody-Wait 2d, New York Practice, § 38:2.) Upon denial of defendant's motion to dismiss under CPLR 3211 (subd. [a]) and treating the litigation as an article 78 proceeding affirmative relief should not have been granted

before permitting the defendant to answer CPLR 7804 (subd. [f]). (Appeal from order of Erie Special Term denying motion to dismiss complaint and directing Fire Commissioner to make a determination.) Present — Marsh, J. P., Witmer, Bastow and Henry, JJ.