ADVANCE MUSIC CORPORATION, Plaintiff, *v.* AMERICAN TOBACCO
COMPANY et al, Defendants.

Supreme Court, Special Term, New York County, December 1, 1944.

*Chadbourne, Wallace, Parke & Whiteside* for American
Tobacco Company, defendant.

*Hartman, Craven & Fuld (George W. Whiteside, Alex Craven*
and *Dwight R. Collin* of counsel) for Foote, Cone & Belding,
Inc., defendant.

*Leopold V. Eastman* for plaintiff.

WALTER, J. Defendants move to dismiss the amended com-
plaint as insufficient upon its face. The challenged pleading
shows: Plaintiff is a publisher of songs and the success of its
business depends in large part upon its ability to create the
belief that its songs are or are about to become popular hits.
Defendants sponsor and produce radio programs, including
one entitled " Your Hit Parade ", which they represent as con-
sisting of the rendition of the nine or ten most popular song

hits of the week in which the program is given as ascertained by an extensive and accurate survey conducted by them for the purpose of determining the popularity of songs. Defendants also prepare and widely disseminate weekly lists of what they represent to be the nine or ten most popular songs as determined by their survey. Defendants also hold themselves out as experts peculiarly qualified to make true and accurate surveys of the popularity of the songs of the day. Defendants do not in fact conduct an extensive and accurate survey, and the songs rendered upon their radio programs and listed upon their weekly lists are not the most popular songs of the day. On the contrary, the songs rendered on the radio programs and placed upon the weekly lists are selected by defendants arbitrarily and capriciously, without regard to the true popularity thereof, and defendants' representations that the songs rendered by them upon their radio programs and listed upon their weekly lists are the most popular songs of the day are recklessly and wantonly made, either with knowledge of the falsity thereof or without a good faith effort to ascertain the truth.

Plaintiff has published songs which were or are among the nine or ten most popular songs and entitled by all proper standards to be placed upon defendants' radio programs and weekly lists, but defendants nevertheless have omitted plaintiff's songs therefrom, or listed them in an improper order of popularity.

The effect of defendants' actions is to cause the public generally and music dealers, band leaders, artists and entertainers and others to believe that songs published by others than plaintiff outrank plaintiff's songs in popularity and thus cause them to buy and perform such other songs in preference to songs published by plaintiff. Said acts and representations of defendants are fraudulent in purpose and design and malicious and made with intent to deceive and are known to be false and are made and done with intent to injure the plaintiff. By reason of defendants' acts and representations, plaintiff has been deprived of sales and other sources of revenue from its songs which it would have received if defendants had in fact made an accurate and truthful survey and had then rendered upon their radio programs and placed upon their weekly lists the songs which were shown by such survey to be the most popular songs.

In short, defendants, not casually or inadvertently, but deliberately and as a regular course of business and for their own personal gain, make statements and do acts which are untrue and deceptive and which are disparaging to plaintiff's prop-

erty, and the nature of such representations and acts and the circumstances under which they are made and performed are such as to lead defendants to foresee that the conduct of third persons might be determined thereby; and such representations and acts are of such nature as to be likely to cause and, in fact, have caused damage to the plaintiff.

I, therefore, entertain no doubt that the allegations, if proved, make out a wrong which the law recognizes as actionable. (See Salmond on Torts [9th ed. 1936], § 151; Pollock on Torts [14th ed. 1939], pp. 243, 246; *Ratcliffe* v. *Evans*, [1892] 2 Q. B. 524, 527; Restatement, Torts, § 624 *et seq.;* Jeremiah Smith, Disparagement of Property, 13 Col. L. Rev., 13, 121; Dean Pound, Equitable Relief Against Defamation, 29 Harv. L. Rev. 640; Harry D. Nims, Unfair Competition by False Statements or Disparagement, 19 Corn. L. Q. 63; *Al Raschid* v. *News Syndicate Co.,* 265 N. Y. 1, 3.)

Defendants were under no duty to speak or act at all with respect to the popularity of songs, but by undertaking to act and speak with reference thereto they placed themselves under the obligation of speaking and acting honestly and with reasonable care. (*Marks* v. *Nambil Realty Co., Inc.,* 245 N. Y. 256, 258; *Glanzer* v. *Shephard,* 233 N. Y. 286, 239; *Banfield et ux.* v. *Addington et ex.,* 104 Fla. 661, 667; 1 Street on Foundations of Legal Liability, pp. 92, 187, 188.)

It has been urged upon me that the decision of Mr. Justice HECHT dismissing the original complaint (183 Misc. 645) establishes the law of this case so as to prevent me from following my own views, but I find such differences between the original complaint and the amended complaint as to make that contention untenable. For example, Mr. Justice HECHT stated that the original complaint contained no allegations of special damage to plaintiff, whereas the amended complaint makes it abundantly clear by a wealth of detailed facts that defendants' acts and representations were likely to and actually have caused actual damage to the plaintiff. Mr. Justice HECHT also stated that the original complaint did not allege any intent on the part of the defendants to injure plaintiff. That allegation is contained in the amended complaint. Mr. Justice HECHT further stated that the parties here are not competitors in the common understanding of the word, whereas the amended complaint makes it clear that, although plaintiff and defendants do not compete with each other in the sale of songs, they are competing with each other in creating the belief that certain particular songs are popular. I would further remark that the modern

law of unfair competition lays stress on the element of unfairness rather than on the element of competition. (See authorities cited in *Golenpaul* v. *Rosett,* 174 Misc. 114, 115; *Black & Yates* v. *Mahogany Ass'n,* 129 F. 2d 227; *Lone Ranger, Inc.,* v. *Cox,* 124 F. 2d 650; *Paramount Pictures* v. *Leader Press,* 106 F. 2d 229.)

The motion to dismiss the amended complaint is accordingly denied.