ADVANCE MUSIC CORPORATION, Respondent, v. AMERICAN TOBACCO COMPANY et al., Appellants.

First Department, February 23, 1945.

*George W. Whiteside* of counsel (*Alex Craven* and *Dwight R. Collin* with him on the brief; *Chadbourne, Wallace, Parke & Whiteside,* attorneys for The American Tobacco Company, and *Hartman, Craven & Fuld,* attorneys for Foote, Cone & Belding, Inc.), for appellants.

*Lee V. Eastman* of counsel (*Spring & Eastman,* attorneys), for respondent.

COHN, J. The action is by a music publisher against two defendants, The American Tobacco Company and its advertising agency. It arises out of plaintiff's claim of injury from allegedly unfair opinions expressed by defendants in their weekly nationwide radio program " Your Hit Parade " wherein they announce the nine or ten most popular songs in the country but, despite their merit, exclude from such list of popular songs those published by plaintiff. The original complaint was dismissed for legal insufficiency, with leave to amend.

(183 Misc. 645, HECHT, J.)   The appeal is from an order denying a motion to dismiss the amended complaint.

The amended pleading contains three causes of action. The first is for an injunction against the continuance of the radio program; the second attempts to state a cause of action to recover damages for fraud, and the third, also for damages, is based on the alleged negligent conduct of defendants.

In the first cause of action, it is alleged that the program " Your Hit Parade " consists of the rendition of the nine or ten most popular songs of the nation, as determined, according to defendants' representations made in the presentation of the programs, by an accurate survey conducted throughout the nation; that the songs in each broadcast are rated by number; that defendants also prepare and widely distribute to music stores selling sheet music and others, lists compiled from the current " Your Hit Parade " selections, which lists are prominently displayed; that the program conducted each week does not reflect the ten most popular songs of the nation; that defendants, without regard to a survey, choose compositions arbitrarily and that songs published by plaintiff, though entitled by all proper standards to be listed among the nation's ten most popular songs, are, nevertheless, omitted from " Your Hit Parade "; that the program has become in the minds of the public, music jobbers and dealers, motion picture studios, etc., a criterion for determining what are the nine or ten most popular songs in the country for the particular period in question.   The representations and conduct of the defendants, plaintiff asserts, are of a nature to cause and in fact have caused damage to plaintiff.   In this cause of action plaintiff seeks a permanent injunction restraining defendants from advertising that the nine or ten songs performed on its weekly program constitute the nine or ten most popular songs of the week or that the selection is the result of an extensive and accurate survey, or from making any announcements, advertisements or broadcasts to that effect.

For the second cause of action plaintiff restates allegations of the first, adding an allegation that the acts of defendants are fraudulent in purpose, false and malicious, constitute deception to the public, are made with an intent to deceive, and demands damages for $100,000.

After repeating the prior allegations of the complaint, plaintiff, in the third cause of action, declares that defendants hold themselves out as qualified to make and as having made a true survey to ascertain the nine or ten most popular songs of the

nation each week in the relative order of popularity; that persons and corporations rely upon the defendants' undertaking to make an accurate survey; that defendants are under a duty to the plaintiff and to others to make a true survey in fact and to perform each week the compositions which are in fact the nine or ten most popular songs of the nation for the week in the true order of their popularity; that the failure of defendants to act accordingly constitutes gross negligence; that the plaintiff has been free from fault and seeks damage for the sum of $100,000 upon this cause of action.

In upholding the complaint as making out a wrong which the law recognizes as actionable, the Special Term stated that " by undertaking to act and speak with reference thereto [the popularity of songs] they [defendants] placed themselves under the obligation of speaking and acting honestly and with reasonable care." (183 Misc. 855, 857.)

Though a negligent statement may be the basis of recovery of damage, a cause of action exists only in favor of those who were expected to and actually do rely upon such statements to their damage. (*International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118, 125.) Here there is no claim that plaintiff in any manner relied upon defendants' alleged misstatements, or that it acted upon any such misstatements to its damage, or that defendants could have anticipated that it would do so. The pertinent rule is set forth in *International Products Co.* v. *Erie R. R. Co.*, (*supra*) at page 337, as follows: " Not every casual response, not every idle word, however damaging the result, gives rise to a cause of action. * * * Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information. And that involves many considerations. There must be knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care." In *Courteen Seed Co.* v. *Hong Kong & S. B. Co.* (245 N. Y. 377, at p. 381) the court (POUND, J.) reiterated the established principle in the following language: " The court has had to deal recently with cases involving liability for information negli-

gently given. They all rest on the principle that negligent words are not actionable unless they are uttered directly, with knowledge or notice that they will be acted on, to one to whom the speaker is bound by some relation of duty, arising out of public calling, contract or otherwise, to act with care if he acts at all." The rule thus enunciated was specifically approved in *Ultramares Corp.* v. *Touche* (255 N. Y. 170, 185). To the same effect see, also, *Jaillet* v. *Cashman* (115 Misc. 383, affd. 202 App. Div. 805, affd. 235 N. Y. 511).

In the complaint there are, it is true, allegations to the effect that other members of the public relied upon defendants' negligent words. Defendants are charged with misleading those with whom plaintiff does business, by expressing the opinion that certain songs are more popular than those published by plaintiff. However, plaintiff may not sue on behalf of the general public or on behalf of other music publishers for injury sustained by the general public or the other music publishers. When an injury is committed against the public, that is not a matter for complaint by plaintiff. (*New York & R. Cement Co.* v. *Coplay Cement Co.*, 44 F. 277; *American Washboard Co.* v. *Saginaw Mfg. Co.*, 103 F. 281.)

For the foregoing reasons and for those hereinafter stated, we think that the complaint is insufficient and should have been dismissed. Giving to the allegations of the complaint every intendment and fair inference, as indeed we must (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430), the first cause of action charges defendants with having impliedly disparaged the music compositions published by plaintiff and seeks injunctive relief against defendants. In this State the law is well settled that equity will not intervene to enjoin a disparagement of property. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) In the *Marlin* case, the Court of Appeals went so far as to hold that unjust and malicious criticism of a manufactured article published in a magazine, for which the manufacturer has no remedy at law because of his inability to prove special damage, is not the subject of equitable cognizance and its further publication cannot be restrained by injunction. Though the rule has been criticized by text writers (Nims, Unfair Competition by False Statements or Disparagement, 19 Corn. L. Q. 63, 64; Pound, Equitable Relief against Defamation, 29 Harv. L. Rev. 640, 668; cf. also Clark on Equity, § 238, Disparagement of property), it is still the law of this State (*Nann* v. *Raimist*, 255 N. Y. 307, 317; *Mackin* v. *Becker*, 256 App. Div. 1062, affg. 6 N. Y. S. 2d 932; *Singer* v. *Romerrick Realty Corp.*, 255 App. Div. 715).

" Trade libels " are not libelous per se. The disparaging words concerning property are not actionable unless special damage be alleged and proved. (*Tobias* v. *Harland,* 4 Wend. 537; *Le Massena* v. *Storm,* 62 App. Div. 150, 154; *Bosi* v. *New York Herald Co.,* 33 Misc. 622, affd. on opinion below 58 App. Div. 619; *Dooling* v. *Budget Publishing Co.,* 144 Mass. 258; Handler, Cases and Materials on Trade Regulations [1937 ed.], ch. IX, pp. 888, 889, 890.) Such damages are not pleaded by plaintiff in this cause of action, and it is obviously insufficient.

In the cases of *Allen Mfg. Co., Inc.,* v. *Smith* (224 App. Div. 187) and *Old Investors & Traders Corporation* v. *Jenkins* (225 App. Div. 860, affg. 133 Misc. 213) upon which plaintiff relies to sustain the complaint, direct competitors employed misleading and libelous material in an attempt to divert to themselves the customers of their competitor. In the two cases cited, the court approved granting of injunctive relief in actions involving trade libel because the publications were part of a greater and more inclusive tort, to wit, unfair competition. Plaintiff here attempts to plead that the tobacco company's business is in competition with its business, yet we are unable to find any factual allegations to sustain such a conclusion. Competition is defined as the effort of two or more parties, acting independently, to secure the custom of a third party by the offer of the most favorable terms. (Webster's New International Dictionary.) Concededly, plaintiff is a publisher of music while defendant The American Tobacco Company sells tobacco products and the other defendant acts as its advertising agent. The sole interest of defendants is to create customers for tobacco. They sell no songs or music publications. There is no business competition here, nor are there any allegations of unfair competition in the complaint. " Equity does not intervene to restrain the publication of words on a mere showing of their falsity (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384). It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident * * *." (*Nann* v. *Raimist, supra,* at p. 317.)

The second cause of action is insufficient as the allegations thereof preclude any possibility that plaintiff has been deceived or that it has taken any action in reliance upon the allegedly false representations made by defendants. There is absent any averment that plaintiff relied upon any statement made by defendants.

The third cause of action appears to be one to recover damages for negligent use of words. To make out such an action in negligence, as we have previously noted, plaintiff would be required to allege and prove a relationship with defendants out of which would arise a duty to act with care. There must also be alleged and proved that plaintiff did act upon the negligent statement to its damage. No such allegations are to be found in this cause of action. It is, therefore, insufficient.

Moreover, with respect to the second and third causes of action, there are absent appropriate statements of special damage. In the most general terms, plaintiff has pleaded that defendants' acts and representations have caused it to lose sales and the opportunities to develop its business. A disparagement may cause injury to plaintiff and yet not be actionable. Both as a matter of pleading and proof there must be a definite showing of specific loss of trade, that is, loss of specific customers or sales. The requirements of special damage are not satisfied by allegation or proof of a general decline of business or loss of trade. (*Tobias* v. *Harland*, 4 Wend. 537; *King* v. *Sun Printing & Publishing Assn.*, 84 App. Div. 310, affd. 179 N. Y. 600; *Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Tower* v. *Crosby*, 214 App. Div. 392.) "Under the settled rule, whenever special damage is claimed, the plaintiff must state it with particularity, in order that the defendant may be enabled to meet the charge." (*Reporters' Assn.* v. *Sun Printing & Pub. Assn., supra,* at p. 442.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the amended complaint granted, with leave to plaintiff to serve a further amended complaint within ten days after service of order on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to plaintiff to serve a further amended complaint within ten days after service of order on payment of said costs. [See 269 App. Div. 690.]