FRAWLEY CHEMICAL CORPORATION, Respondent, *v.* A. P. LARSON COMPANY, INC., Appellant.

First Department, February 28, 1949.

*Herman Tocker* for appellant.

*Aaron Lipper* of counsel (*Walter J. Keeley* with him on the brief; *Lipper, Shinn & Keeley,* attorneys), for respondent.

VAN VOORHIS, J. The complaint in this action, challenged for insufficiency, alleges that during the early part of 1948, the plaintiff was engaged in certain business dealings with Universal Trading Company, of Tangier, Morocco, relating to the sale of the drug streptomycin, for which an export license had to be obtained for shipment from the United States; that the defend-

ant " with actual malice, without just cause or excuse and with the wrongful and wilful intent to injure the plaintiff, published " to the said customer or prospective customer false statements regarding the plaintiff, viz., that it had available neither export licenses nor streptomycin, and could not perform contracts for the export thereof. General damage is alleged in the sum of $10,000 by reason of the publication of said statement. There is no allegation that any business transactions between plaintiff and Universal Trading Company were either terminated or prevented by this communication. Special Term has held that no such allegation is necessary.

The publication of and concerning plaintiff that it had available neither export licenses nor streptomycin was not libelous nor slanderous per se. Considered alone, and without the aid of extrinsic evidence, a chemical corporation is not defamed by stating that it does not have on hand a particular drug nor a license from the Government to export it. Neither would this be so if the publication could be stretched by innuendo (which is not pleaded) to mean that plaintiff would not be able to obtain these things in the future. The words which were uttered, in the context alleged in the complaint, become injurious to plaintiff only if one assumes that as a result of their being communicated to Universal Trading Company it decided not to enter into some business transaction or transactions with plaintiff which would have been advantageous to plaintiff, or failed to carry out some engagement which had already been made. No allegation is contained in this complaint concerning what effect, if any, the publication of this false information to Universal Trading Company had upon that corporation in its relations with the plaintiff, nor that the damage alleged resulted from anything in general or in particular which Universal Trading Company did or failed to do.

It would serve no useful purpose to attempt to review the many cases which have been decided holding that it is necessary to plead and prove special damage arising from injury to a plaintiff's business as a result of the publication of words, however falsely or maliciously spoken or written, if they were not defamatory upon their face but require to be shown to have been so by extrinsic evidence. The following are some of such decisions: (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352; *McNamara* v. *Goldan*, 194 N. Y. 315; *Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Crashley* v. *Press Publishing Co.*, 179 N. Y. 27; *Brown* v. *Tregoe*, 236 N. Y. 497; *Bassell* v. *Elmore*, 48 N. Y. 561; *Bosi* v. *New York Herald Co.*,

58 App. Div. 619; *King* v. *Sun Printing & Pub. Assn.,* 84 App. Div. 310, affd. 179 N. Y. 600; *Jockin* v. *Brassler,* 114 App. Div. 177; *Tower* v. *Crosby,* 214 App. Div. 392.)

In *Union Car Advertising Co.* v. *Collier* (263 N. Y. 386, 401), it was stated: " A cause of action has also been recognized where a party *would* have received a contract but for the malicious, fraudulent and deceitful acts of a third party, such, for instance, as materially lying about him. [Citing cases and text writers.] There must be some certainty that the plaintiff would have gotten the contract but for the fraud. This cannot be left to surmise or speculation."

Although the complaint herein does not assume to comply with these requirements, it has been upheld on the theory that this rule has been changed by recent decisions, particularly by *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79). There a complaint was held to be sufficient in law which charged the American Tobacco Co. with wantonly causing damage to plaintiff, by falsely underrating its song hits on a national radio program designed to advertise defendant's tobacco products, which program purported to review and evaluate current popular songs. The Court of Appeals upheld the complaint on the established basis that there is an actionable wrong whenever one person has damaged another willfully and intentionally, without just cause or excuse, but the complaint therein sufficiently alleged special damages as the Special Term, whose order was reinstated, expressly had pointed out (183 Misc. 855, 857). The *Advance Music Corp.* case (*supra*) does not decide under what circumstances, nor with what particularity special damages should be pleaded in such an action.

The instant case may well belong to the type of action considered by the Court of Appeals in *Advance Music Corp.* v. *American Tobacco Co.,* but it is not believed that it was the intention of the Court of Appeals therein to create a new type of action, nor to dispense with the requirement that special damages be pleaded, nor otherwise to alter the previously established requirements of this or other existing causes of action.

The complaint in the instant case does not disclose whether plaintiff and defendant are competitors, nor in what relation they stand to each other. It may be assumed that the words " actual malice * * * with the wrongful and wilful intent to injure " were inserted in the complaint as words of art, under the interpretation placed upon them in *Aikens* v. *Wisconsin* (195 U. S. 194), which is cited prominently in the *Advance*

*Music Corp.* case. It was possibly not intended that the cause of action should be in libel or in slander, but rather that it is meant to be an action on the case, stated in *Ratcliffe* v. *Evans* ([1892] 2 Q. B. 524, 527–528), quoted from *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1, 4), to be " analogous to an action for slander of title." But if that be so, then *a fortiori* special damages should be pleaded. In actions for slander of title, when the words in themselves are not actionable, allegations of special damage have been required (*Kendall* v. *Stone,* 5 N. Y. 14; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384; *Seek & Kade, Inc.,* v. *Pertussin Chemical Co.,* 235 App. Div. 252). Only if the publication were libelous or slanderous per se, would general damages suffice. In an action on the case of this type, such an allegation has been regarded as not less but more essential. Thus, in an action to recover damages by reason of the publication and circulation of certain articles caused to have been written by defendant concerning plaintiff's business, a demurrer was held to have been correctly overruled since

" The complaint may be read as in an action on the case, though the words be not defamatory in their nature [citing cases].

" As the learned Special Term suggests, the defendant may well ask a bill of particulars, *for special damages are pleaded* " (italics supplied) (*Husted* v. *Husted Co.,* 193 App. Div. 493).

" Although forms of action have been abolished, the specified categories of wrongdoing have left their imprint upon the law, and still serve as guides " (*Keviczky* v. *Lorber,* 290 N. Y. 297, 305). Where the words are not defamatory upon their face, the need of pleading special damages in an action of this character is as great as it ever was in order to enable a defendant to prepare for trial. We are not now called upon to decide with what particularity they need to be stated. The *Advance Music Corp.* case does not appear to have held to the contrary, for, as has been stated above, while the point is not mentioned in the opinion of the Court of Appeals, it was referred to at Special Term by Justice WALTER (183 Misc. 855, 857), whose order was reinstated by the Court of Appeals. He said: " It has been urged upon me that the decision of Mr. Justice HECHT dismissing the original complaint (183 Misc. 645) establishes the law of this case so as to prevent me from following my own views, but I find such differences between the original complaint and the amended complaint as to make that contention untenable. For example, Mr. Justice HECHT stated that the

original complaint contained no allegations of special damage to plaintiff, whereas the amended complaint makes it abundantly clear by a wealth of detailed facts that defendants' acts and representations were likely to and actually have caused actual damage to the plaintiff.'' This strengthens the view that the rule of pleading has not been changed which would render the instant complaint defective.

The order appealed from should be reversed and defendant's motion to dismiss the complaint granted, but with leave to the plaintiff to serve an amended complaint.

CALLAHAN, J. (dissenting). I agree that *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79) is not controlling. There it was simply decided that in this State a cause of action exists for a willful injury causing temporal damage to another without justification or excuse whether or not such wrongful conduct fell within one of the generally accepted categories of tort liability. I also agree that this decision did not propose any change in the settled rules of pleading applicable to any recognized and clearly defined tort such as libel.

In the present case it is reasonably clear that the plaintiff is seeking to recover damages for a trade or business libel. Unless the alleged defamatory matter is libelous per se, it is necessary that special damages be pleaded.

The test as to whether something written concerning a merchant or tradesman in the conduct of his business is libelous per se is whether it affects the plaintiff in the way of his trade or business by directly tending to disparage and prejudice him therein (*Ben-Oliel* v. *Press Publishing Co.*, 251 N. Y. 250; *Moore* v. *Francis,* 121 N. Y. 199; Odgers on Libel and Slander, p. 59).

I think that it was directly prejudicial to the plaintiff in the conduct of its business for the defendant to write to the plaintiff's foreign customer that '' Contrary to your belief, they (meaning the plaintiff) do not have available either Export Licenses or Streptomycin and therefore, for this reason, it was impossible to conclude any business with them.''

Even without innuendo, this was a charge that contrary to the customer's belief it would be impossible for the plaintiff to fulfill its commitments to deliver any of the drug which the plaintiff was endeavoring to sell to the customer. Thus, the defendant accused the plaintiff of deceitful dealing and misrepresentation. In my opinion this accusation was a business libel per se, and the complaint is sufficient without allegation of special damages.

Peck, P. J., and Dore, J., concur with Van Voorhis, J.; Cohn, J., dissents and votes to affirm on the authority of *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79); Callahan, J., dissents in opinion.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of the order, with notice of entry thereof, on payment of said costs.