BLENS CHEMICALS, INC., Plaintiff, *v.* WYANDOTTE CHEMICAL CORP., Defendant.

Supreme Court, Special Term, Kings County, February 27, 1950.

*Lemuel Skidmore* and *Howard F. Ordman* for defendant.

*Charles J. Herson* for plaintiff.

WALSH, J. This is a motion under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that upon its face it does not set forth facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff is engaged in the business of manufacturing and selling a chemical compound known by the trade name of '' Spur ''; that plaintiff's revenue is chiefly derived from the sale of '' Spur '' to laundries; that it expends large sums of money for promoting the sale of its product. It further alleges that in or about November, 1949, and at other times '' unbeknown to the plaintiff,'' defendant, '' in an effort to take business away from the plaintiff herein, caused one of its salesmen to exhibit to a customer of the plaintiff a letter '' which contained knowingly false information concerning the plaintiff's product; that the entire course of conduct of the defendant was wanton, without good faith and done with the purpose of intentionally inflicting damage on the plaintiff without justification. It is finally alleged that the plaintiff was damaged in the sum of $1,000,000.

The letter referred to in the complaint reads as follows: '' The recent analysis of Spur, manufactured by the Blens Chemical

Company indicates that a major change has been made in the formulation. Whereas before the product was high in meta-sillicate and contained polyphosphate, the last sample is much different. The formula as it now stands contains, by our analysis, approximately 60% soda ash, 17% metasillicate and 19% caustic soda with a trace of wetting agent and pine oil. The polyphosphate has been eliminated. The product does not contain any carboxymethyl cellulose.

" Spur as it is now being manufactured is a product like our OS, and OS should replace it very satisfactorily. Arlac is far superior.''

Defendant's attack on the legal sufficiency of the complaint is predicated upon the failure of the plaintiff to plead special damages. It is urged by the defendant that since the letter upon which this action is founded neither directly nor by inference in any way impugns the character, integrity or business practices of the plaintiff, the complaint must be considered as one to recover damages for the slander of goods. That in such cases special damages must be pleaded is a doctrine long firmly established.

A good statement of the foregoing rule is set forth in *Marlin Fire Arms Co.* v. *Shields* (171 N. Y. 384). There the court stated (p. 390) : ''Now, it has been the law of this state since the decision in *Tobias* v. *Harland* (4 Wend. 537), in which the opinion was written by Judge MARCY, that ' when the words are spoken, not of the trader or manufacturer, but of the quality of the articles he makes or deals in, to render them actionable *per se,* they must import that the plaintiff is guilty of deceit or malpractice in making or vending them.' Where the libel or slander is of a manufactured article and does not directly impeach the integrity, knowledge, skill, diligence or credit of the plaintiff, the words are not actionable at law unless special damage be alleged and proved, and a ' general allegation of loss of customers is not sufficient to enable the plaintiff to show a particular injury.' ''

A recent reiteration of this rule has been stated in *Frawley Chemical Corp.* v. *Larson Co.* (274 App. Div. 643), later hereinafter referred to.

The plaintiff, however, maintains that this is not an action for slander of goods and that, therefore, the rule requiring the allegation of special damages is not applicable. It declares that its cause of action is based on the theory '' that the defendant intentionally inflicted temporal damage to the plaintiff which

requires a justification '' and that special damages need not be pleaded.

There is nothing, however, in the subject letter which constitutes any species of opprobrium cast against the plaintiff. The statement concerns itself exclusively with plaintiff's product and not with plaintiff itself. It is plaintiff's contention in any event that since the determination in *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79), there is no longer any need for the pleading of special damages in a case of this character. It was pointed out, however, by Mr. Justice VAN VOORHIS in writing for the court in *Frawley Chemical Corp.* v. *Larson Co.* (274 App. Div. 643, 645, *supra*) in commenting upon the *Advance* case, that '' the complaint therein sufficiently alleged special damages as the Special Term * * * expressly had pointed out (183 Misc. 855, 857) ''; and he then proceeded to state: '' The instant case may well belong to the type of action considered by the Court of Appeals in *Advance Music Corp.* v. *American Tobacco Co., but it is not believed that it was the intention of the Court of Appeals therein to create a new type of action, nor to dispense with the requirement that special damages be pleaded, nor otherwise to alter the previously established requirements of this or other existing causes of action.''* (Emphasis supplied.)

Nor does the case of *American Guild of Musical Artists* v. *Petrillo* (286 N. Y. 226) avail the plaintiff. That was an action to restrain the defendant from engaging in certain conduct considered detrimental to plaintiff and its members. The complaint, however, specifically alleged that plaintiff's members had been notified by prospective employers that unless they resigned from membership in the plaintiff corporation, and joined defendant's union, they would not be permitted to fill any professional engagement. Obviously, the complaint contained allegations of actual special damage and in holding the complaint legally sufficient the Court of Appeals did not indicate that it was departing from the established rule.

It seems, therefore, that the rule requiring the allegation of special damages in actions like the present has not been abrogated. Consequently, the instant complaint is fatally defective and defendant's motion to dismiss is granted, with leave however to serve an amended complaint. Settle order.