**EVERSHARP, Inc. v. PAL BLADE CO., Inc., et al.**

No. 236, Docket 21671.

United States Court of Appeals Second Circuit.

Argued May 11, 1950.

Decided June 2, 1950.

780

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

Davis, Hoxie & Faithfull, New York City, for plaintiff-appellant; William H. Davis, John B. Cunningham, New York City, and Raymond L. Greist, Chicago, Ill., Counsel.

Pennie, Edmonds, Morton & Barrows, New York City, for defendants-appellees; George E. Middleton, New York City, Counsel.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff Eversharp, Inc. (successor to Schick) filed its original complaint in April 1949 alleging patent infringement, trade-mark infringement and unfair competition by the defendants. In September and October 1949 it got reports of the circulation by the defendant Pal Blade Co. Inc. of a letter which the plaintiff thought harmful to its business in safety razors and blades wherein the defendants were competitors. The letter was published subsequent to the filing of the original complaint. Thereafter the plaintiff filed a supplemental complaint charging that the letter contained "improper, unfair, malicious and untrue statements with the deliberate intention to injure and for the purpose of injuring the plaintiff, its reputation and its business," that those acts constituted "libel per se, trade libel and unfair competition, and have already resulted in substantial and irreparable injury to plaintiff in its reputation and its business and will continue so to do until and unless such acts are enjoined and a full and complete retraction made by the defendants." The pleading also charged that defendants "have conspired with others, and with each other" in the publication complained of "with the malicious intent to injure plaintiff in its reputation and its business," and that at the time of publication the defendants "well knew, or could, with the exercise of reasonable care, have ascertained, that the said matter was untrue" but nevertheless published it "with actual malice and with the wrongful and willful intent to injure the sale" of plaintiff's blades, and that by reason of the publication the plaintiff "has been greatly injured in its credit and reputation and has lost many sales of said blades * * *"

The supplemental complaint prayed for a preliminary and permanent injunction restraining the further publication of the letter, for an order of retraction, and also asked for punitive damages. An appeal lies from the determination below because the District Court held, under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., that there is no just reason for delay in entering final judgment upon the supplemental complaint and entered judgment accordingly.

The supplemental complaint so far as it related to the defendant Personna Blade Co. Inc. must fail for lack of jurisdiction, seeing that the plaintiff and Personna Blade Co. Inc. were each Delaware corporations and therefore the diverse citizenship necessary to support jurisdiction did not exist.

In respect to the claim against Pal Blade Co. Inc., which is a New York corporation, and therefore subject to jurisdiction because of diverse citizenship, Judge Coxe held that the letter described in the supplemental complaint did not defame the plaintiff but only disparaged its products and consequently involved a trade and not a personal libel. He held that allegations and proof of special damage were necessary to sustain a trade libel and that no such special damage was alleged. He denied the plaintiff's motion for a preliminary injunction and a retraction and dismissed the supplemental complaint. He was right unless the recent decision of the New York Court of Appeals in Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401, requires a different ruling as to the sufficiency of the plaintiff's claim. There the Court of Appeals seems to have held that an untruthful disparagement of the business of the plaintiff made with intent to injure and resulting in actual damage was properly alleged, and so Justice Walter had held at the trial term after a full discussion of the adequacy of the

pleading in respect to special damages.[1] His order was affirmed by the Court of Appeals, on reversal of the Appellate Division, which had ruled to the contrary.[2] But in Marlin Firearms Co. v. Shields, 171 N.Y. 384, 64 N.E. 163, 59 L.R.A. 310, the Court of Appeals had previously held that, where a defendant had published malicious criticisms of the plaintiffs' products, no action at law lay because of failure to show special damage, and also that the publication could not be restrained by injunction. It would seem strange that the old rule of Tobias v. Harland, 4 Wend. 537, reiterated in Marlin Firearms Co. v. Shields, should have been overruled without even mentioning those prior decisions which had held that an action for disparagement of goods would not lie without proof of special damage. We are, therefore, inclined to think that the Court of Appeals intended no more by its decision in Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401, than to sanction a fairly broad rule as to what was necessary as a statement of special damages in actions such as the one under consideration, rather than to hold particularity in the pleading of damages unnecessary. This interpretation was given to that decision by the Appellate Division, First Department, in Frawley Chemical Corp. v. A. P. Larson Co., 274 App.Div. 643, 86 N.Y.S.2d 710, which as an authoritative statement of the New York law is binding on us under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In the case at bar, there was no statement in the supplemental complaint or in the affidavits submitted to support the plaintiff's claim that specified what sales of blades were lost through the alleged defamatory words or why details concerning special damages could not be given, nor was any leave to amend the pleading asked, and plaintiff in its brief contends with no supporting authority that no allegation of special damage is necessary to obtain equitable relief.

It has generally been held that some allegations or proofs of special damage are necessary. See article by Professor Jeremiah Smith in Volume 13 Columbia Law Review at p. 121; Restatement of Torts, Vol. III, §§ 632, 633; Opinion of Lord Bowen in Ratcliffe v. Evans [1892] 2 Q. B.Div. 524, 527; and Victor Safe & Lock Co. v. Deright, 8 Cir., 147 F. 211, 8 Ann. Cas. 809. See also the discussion of Professor Moore as to evidence necessary to show special damage, where proof of it is required. 2 Moore's Federal Practice (2 Ed.) p. 1923. Even though the necessity of great detail as to special damage be thought to have been dispensed with by the decision of the Court of Appeals in Advance Music Corp. v. American Tobacco Co., there were sufficient allegations of damage in that case to justify the conclusion that if the circumstances alleged were established, the damage must have occurred. The allegations in the supplemental complaint were far less specific than the statement made in the complaint in Advance Music Corp. v. American Tobacco Co., which, in the words of Justice Walter, made it "abundantly clear by a wealth of detailed facts that defendants' acts and representations were likely to and actually have caused actual damage to the plaintiff." 183 Misc. at page 857, 51 N.Y.S.2d at page 694. Moreover, the Court of Appeals in dealing with the question of the allegation of damages said: "In respect of the wrong asserted by the plaintiff, the first cause of action goes on to say: The defendants—a tobacco company and an advertising concern—are the creators of a commercial coast-to-coast radio program which is broadcast each Saturday night. 'A wide listening audience estimated to be in excess of fifteen million people per week is attracted to this program by reason of the constant representations * * * made by the defendants that said program consists of the rendition of the nine or ten most popular songs of the week in the relative order of their popularity based upon an extensive and accurate survey conducted

---

**1.** 183 Misc. 855, 51 N.Y.S.2d 692.

**2.** 268 App.Div. 707, 53 N.Y.S.2d 337.

throughout the nation.' Weekly lists of the songs thus classified by the defendants upon their radio program are widely circulated by them, 'so that the public, dealers, jobbers, motion picture companies, phonograph companies, electrical transcription companies, radio station performers and entertainers, and others, may be induced to rely upon such lists and purchase and use the music stated to be the most popular.' * * *

"In respect of the damages complained of by the plaintiff, the first cause of action sets forth the following particulars: Music jobbers and dealers, bandleaders, entertainers, supervisors of radio programs, phonograph recording companies and motion picture producers in choosing songs are largely influenced by the selections and ratings which the defendants disseminate by way of their radio program and weekly lists. On that account, jobbers and dealers prematurely return songs of the plaintiff and thereby prevent distribution thereof to retail outlets for sale to the public. For the same reason, most users of music are induced to accept the songs heralded by the defendants and to neglect songs published by the plaintiff. In consequence of all this, the measures taken by the plaintiff for exploitation of its songs are frustrated; the value of its musical compositions is depreciated; its revenue is diminished; and its property rights and business prestige are impaired." [296 N.Y. 79, 70 N.E.2d 402]

In the case at bar, there was nothing but a broad general allegation that the plaintiff had lost sales and had been injured in its credit and reputation. This was insufficient if the rule requiring proof of special damage to establish disparagement of title really means anything, and that the requirement still exists is plain from the recent holding of the Appellate Division in Frawley Chemical Corp. v. A. P. Larson Co., First Department, 274 App. Div. 643, 86 N.Y.S.2d 710, and of Justice Walsh in Blens Chemicals, Inc., v. Wyandotte Chemical Corp., —— Misc. ——, 96 N.Y.S.2d 47, at Special Term, Kings County.

For the above reasons, the motion for a preliminary injunction and retraction was properly denied, and the supplemental complaint against the defendants was rightly dismissed.

Judgment and order affirmed.