**CALDWELL–CLEMENTS, Inc. v. McGRAW–HILL PUB. CO., Inc., et al.**

United States District Court
S. D. New York.
Feb. 18, 1952.

See also, 11 F.R.D. 156.

Gold & Nickerson and Robert E. Nickerson, all of New York City, for plaintiff.

White & Case and Philip H. Weeks, all of New York City, for defendant McGraw-Hill Pub. Co.

Schenker & Schenker and David Schenker, all of New York City, for defendant James H. McGraw, Jr.

BONDY, District Judge.

This is a motion for leave to file an amended and supplemental complaint and for a preliminary injunction in an action brought for three times the damage alleged to have been sustained by the plaintiff through the violation by the defendants of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq., and for a permanent injunction restraining such violations. The first amended complaint alleges a conspiracy to restrain trade and competition and to monopolize the electrical trade publishing field, including electrical appliances, radio, television and electronics.

The proposed amended and supplemental complaint alleges that defendant publishing company deliberately publicized the false claims that reader interest surveys showed its trade magazines to be preferred above others in order to enable it to obtain exclusive advertising contracts which it uses to achieve and maintain a monopoly position, and to decrease the prestige and advertising income of competing magazines, and particularly to damage the competitive position of plaintiff's trade magazine "Radio and Television Retailing" in the radio-television trade publishing field. Plaintiff accordingly seeks a preliminary injunction, restraining the defendant company from distributing copies of the "Best Seller" advertisement published in the August, 1951 issue of defendant's "Electrical Merchandising" magazine, and from using any contents thereof in the solicitation of advertisements from manufacturers, distributors and dealers of radio and television sets, and in the solicitation of subscriptions and from claiming that "Electrical Merchandising" has been the choice of radio-TV dealers year after year, that it is shown by an analysis of surveys to be the first choice of radio-TV dealers or that it was rated by radio-TV dealers as "their 'most useful' trade publication."

Plaintiff in its trade magazine "Radio and Television Retailing" and the defendant company in its magazine "Electrical Merchandising" both now publish information of interest to dealers in radio and television sets and electrical appliances. Originally "Electrical Merchandising" was devoted solely to electrical appliances and "Radio and Television Retailing" to radio and television. An agreement which prevented each from increasing the proportion of its editorial and advertising matter dealing with the field of the other expired on May 1, 1951. See Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., Inc., 197 Misc. 691, 93 N.Y.S.2d 482.

In a conspicuous advertisement headed "The Best Seller" in the August, 1951 issue of "Electrical Merchandising", defendant included a chart in which, under the words "The Best Seller", there is stated: "Analysis of surveys of leading appliance-radio-TV dealers of leading manufacturers shows the retailers' rating of their 'most useful' trade publications." Columns captioned June, July, August and September, contain numerical ratings. Under the caption "Appliances", "Electrical Merchandising" is rated for each of those four months as first of six publications, the other publications being designated by letters of the alphabet and not by names. Immediately thereunder, under the caption "Radio-TV", "Electrical Merchandising" is also rated as first of five publications similarly designated. In neither the chart nor in any of defendant's other advertisements received in evidence is the name of the plaintiff's magazine mentioned.

Formerly the distribution and sale of radio and television sets and the distribution of electrical appliances were seldom made by the same dealers, but now they generally are carried on by the same dealers. The term "appliance-radio-TV dealers" used in defendant's advertisements properly applies

therefore to all radio and television dealers other than the small percentage who deal in radio and television sets exclusively and both plaintiff's and defendant's trade magazines carry information and advertisements relating to both appliances and radio and television sets.

Plaintiff objects to the rating of "Electrical Merchandising" under the caption "Radio-TV" in the chart, and to any other similar representations that surveys prove defendant's magazine to be preferred and asserts that in the field of supplying radio and television information to dealers, plaintiff's magazine is preferred.

The plaintiff and the defendant company offer reports and letters as evidence of surveys which it is claimed by each establish that its magazine is preferred or rated as most useful by radio and television dealers. Each denies the claims of the other that the surveys submitted prove its claims. Plaintiff contends that some of defendant's surveys are obsolete and others were not conducted entirely by disinterested parties. The defendant urges that some of plaintiff's surveys covered only limited localities and that there is insufficient evidence as to the conditions and results of plaintiff's surveys, and both contend that the questions used in the other's surveys were not fair.

The affidavits and exhibits fail to establish that plaintiff's magazine is actually the one preferred by dealers in the radio-television field.

Although this court would not have jurisdiction over a separate cause of action for unfair competition, in view of the absence of diversity of citizenship, Eversharp, Inc. v. Pal Blade Co., 2 Cir., 182 F.2d 779, 780, the plaintiff contends that the proposed amendment should be allowed because there are allegations therein of acts in furtherance of the conspiracy to monopolize. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed 1148. Section 1338 (b), Title 28 U.S.C.A., expressly confers upon this court jurisdiction of an action asserting a claim in unfair competition when joined with a substantial and related claim under the coypright, patent and trade-mark laws, without making any reference whatsoever to claims under the anti-trust laws.

The application of the principle laid down in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, is not affected thereby.

It is alleged that the facts in the proposed amendment took place or were not known until after the filing of the first amended complaint. In the proposed amendment, acts in furtherance of a conspiracy to monopolize are alleged. The motion to amend and supplement paragraphs 22(c), 22(h), 26 and the prayer for relief of the first amended complaint accordingly is granted. Rule 15(a, d), F.R.Civ.P., 28 U.S.C.A.

It does not appear that the plaintiff has lost any customers, nor that any advertisement was diverted from plaintiff's magazine as a result of the representations, true or false, made by the defendant company. Nor does it appear that prohibiting the publication of the representations and advertisements would result in an increase of advertisements in plaintiff's magazine which is only one of several in the highly competitive field of appliance, radio and television trade publications.

Since the allegations of the complaint and the proposed amendment, and the affidavits and exhibits submitted on this motion, do not disclose that the plaintiff individually has sustained or is threatened with irreparable loss or damages immediately or during the pendency of the action, the motion for a preliminary injunction must be denied, whether it is sought on the ground of a violation of the anti-trust laws, 15 U.S.C.A. § 26; Warner Bros. Pictures, Inc., v. Gittone, 3 Cir., 110 F.2d 292; see Revere Camera Co. v. Eastman Kodak Co., D.C., 81 F.Supp. 325, 330–331, or on the ground of unfair competition, Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; see California Apparel Creators v. Wieder of California, Inc., 2 Cir., 162 F.2d 893, 899–900; Eversharp, Inc., v. Pal Blade Co., supra, 182 F.2d at page 781; Allen Mfg., Inc., v. Smith, 224 App. Div. 187, 192–193, 229 N.Y.S. 692.

In Eversharp, Inc. v. Pal Blade Co., supra [182 F.2d at page 782], a preliminary injunction was denied and a proposed supplemental complaint dismissed notwithstanding that unfair competition was alleged in the supplemental complaint, and that it was

stated therein that defendant made malicious and untrue statements and conspired with others to publish them with the deliberate intention to injure the plaintiff and its business and that this resulted in substantial and irreparable injury and would continue to do so unless enjoined, and the court did so notwithstanding the general allegation that plaintiff had been injured in its credit and reputation. The court stated, "This was insufficient if the rule requiring proof of special damage to establish disparagement of title really means anything, and that the requirement still exists is plain", citing cases in the New York State courts.

Plaintiff now moves to strike specified portions of the Hahn, Mateer and Carey affidavits, without notice of motion to defendants. The court does not understand how it can properly modify statements contained in affidavits by striking parts therefrom. When the necessity arises, the court may disregard the parts which are not relevant or not based upon personal knowledge.

Motion for leave to file an amended and supplemental complaint is granted, and the motion for a preliminary injunction is denied.