JOHN J. MURRAY, Respondent, *v.* FRED W. CASSIRER, Appellant.

First Department, October 23, 1962.

*Harold Mitherz* of counsel (*Tanzer, Mullaney, Mitherz & Pratt,* attorneys), for appellant.

*Sylvester J. Garamella* of counsel (*Anthony J. Malatestinic* with him on the brief), for respondent.

*Per Curiam.* This is an appeal from an order which denied the defendant's motion to dismiss the complaint for insufficiency.

The action seeks damages for libel based upon a letter written by the defendant to his landlord. Specifically, the complaint alleges that the plaintiff is a doorman in the building where the defendant resides. It states that the defendant published a letter " of and concerning the plaintiff." It is further alleged that the letter intended to charge that the plaintiff was guilty of the crime of larceny and/or unlawful entry and its publication resulted in injuring the good name and business reputation of the plaintiff.

The letter, which was made part of the complaint, was addressed to a Mr. Lewis, the owner of the building. It states:

You are probably informed regarding the incident with one of our suitcases during our departure on the 14th for Europe.

The suitcase disappeared from the lobby and was found back a couple of hours later in our apartment. There is no doubt that the suitcase was not in the apartment when I left the building.

It is apparent that somebody who had the key to our apartment placed the suitcase inside after we left.

For the security of our apartment and the other tenants I feel it would be important that you kindly investigate this matter.

Will you also at my expense change my lock and give the new keys to my office.

The complaint demands $50,000 but contains no allegations of special damages.

The letter fails to indicate a single allegation accusing the plaintiff of the commission of a crime or of any misconduct. The necessary implication and import of the letter is that the defendant was primarily concerned about access to his apartment. Nor is the fact that it is not defamatory on its face cured by the pleadings. The law is that " [i]f the article is not susceptible of a libelous meaning, then innuendo cannot make it libelous." (*Tracy* v. *Newsday*, 5 N Y 2d 134, 136.)

The letter also fails to refer to the plaintiff directly or even indirectly by implication. The statement " somebody who had the key to our apartment ", in these circumstances, is insufficient to permit a finding that the letter referred to the plaintiff. Nor does rule 96 of the Rules of Civil Practice cure this defect. While this section abolishes the necessity for pleading extrinsic facts to show the application of defamatory matter, it does not " foreclose defendant from impeaching the sufficiency of the complaint on the ground that the pleading, taken as a whole, clearly removes the plaintiff from the reach of the alleged libel [cases cited]. In short, rule 96 is not available to supply a deficiency in what might otherwise be a good cause of action." (*Drug Research Corp.* v. *Curtis Pub. Co.*, 7 N Y 2d 435, 439.)

The letter is not libelous per se, nor are any special damages alleged.

The order appealed from should be reversed, on the law, with costs to the appellant, and the complaint dismissed, without leave to replead. (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352; *Frawley Chem. Corp.* v. *Larson Co.*, 274 App. Div. 643.)

BREITEL, J. P., VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on May 22, 1962, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the complaint dismissed, without leave to replead.