Brian R. **GARNEY**, Plaintiff,

v.

**DELL PUBLISHING COMPANY, Inc.,**
and

**T. D. Publishing Company, Inc.,
Defendants.**

**Civ. A. No. 64–540–C.**

United States District Court
D. Massachusetts.

March 3, 1965.

**330**

Robert G. Clark, Jr., Brockton, Mass., for plaintiff.

James P. Lynch, Jr., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action in tort for alleged "libel and slander" which plaintiff commenced in Plymouth Superior Court. Thereafter, defendants removed the case to this Court upon the basis of diversity jurisdiction. Service of process was attempted herein by causing a Deputy Sheriff to leave two copies of the writ and summons at the office of the Secretary of State of the Commonwealth of Massachusetts, on the theory that the Secretary was, at the time of service, the true and lawful attorney of the defendant corporations for proper service of process.

Each defendant has filed a motion to dismiss the action or in lieu thereof to quash the return of service of the writ. These motions rely on the ground that each defendant is a foreign corporation which does no business in the Commonwealth of Massachusetts and, for that reason, is not subject to service of process within the Commonwealth of Massachusetts, and on the further ground that neither defendant has consented to nor is otherwise amenable to the attempted substituted service of process.

Defendants have filed affidavits of appropriate corporate officials in support of the motions to dismiss. Plaintiff filed a counter-affidavit, portions of which are stated in the affidavit to be based upon information and belief and other portions of which, although not stated to be on information and belief, seem to be clearly beyond the possibility of being within the personal knowledge of the plaintiff, who alleges in his declaration that he is incarcerated in a State jail, characterized in defendants' reply brief (page 2), as "a locus not notable as a source of detailed corporate information." See, also, Geo-Physical Maps, Inc. v. Toycraft Corporation, 162 F.Supp. 141, 147 (S.D.N.Y. 1958), and Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., 12 F.R.D. 403, 406 (S.D.N.Y.1952); Wright, Federal Courts, 388 (1963) and cases cited.

It is apparent from the declaration, the return of service, and the affidavits on file, that no valid service of process was made on either corporate defendant. Therefore, the motion to quash return of service is allowed; and, since the affidavits establish that the defendants are not doing business in this Commonwealth within the meaning of Mass. G.L., ch. 181, sec. 3A, or of Mass. G.L., ch. 223, secs. 37 and 38, the motion to dismiss is allowed. See unpublished memorandum opinion of Chief Judge Sweeney of this District in Perna v. Dell Publishing Co., (C.A. 64-539-S), filed October 8, 1964, dismissing a case which is on all fours with the instant case.