COOPERATIVA DE SEGUROS MULTI-
PLES DE PUERTO RICO,
Plaintiff,

v.

Manuel SAN JUAN, Jr., et al.,
Defendants.

No. Civ. 234–68.

United States District Court
D. Puerto Rico.

Nov. 22, 1968.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Wallace Gonzalez Oliver, San Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

This cause came to be heard on motion of co-defendant GREAT AMERICAN INSURANCE COMPANY to dismiss the amended complaint herein. Co-defendant requested and was granted leave to submit its motion by memorandum rather than by oral argument. Plaintiff was granted ten days to reply. Co-defendant presents five points: (1) the amended complaint is insufficient because the conduct alleged does not constitute a boycott under the McCarran-Ferguson Act, Mar. 9, 1945, C. 20, §§ 1–5, 59 Stat. 33–34, 15 U.S.C. §§ 1011–1015; (2) the amended complaint is insufficient because there is no allegation of unreasonable restraint on trade or of public injury; (3) pendent jurisdiction does not exist or should be denied in the Court's discretion; (4) the second claim should be dismissed because Puerto Rican law does not recognize a claim for libel against an artificial person, and; (5) the second claim should be dismissed because special damages are not alleged.

I

Co-defendant's first argument depends on its assertion that the meaning of "boycott" as used in the McCarran-Ferguson Act is narrower than that of boycott under the Sherman Act, July 2, 1890, C. 647, § 1, 26 Stat. 209, as amended, 15 U.S.C. §§ 1–7. This is incorrect. Section 3(b) of the McCarran-Ferguson Act specifically refers to the applicability of the prohibitions *of the Sherman Act* to boycotts in the insurance business. See also, H.R. Report No. 143, 79th Cong. 1st Sess. S.Rep. No. 20, 79th Cong. 1st Sess. (1945);

Professional & Business Men's Life Ins. Co. v. Bankers' Life Co., 163 F.Supp. 274 (D.Mont.1958); Monarch Life Ins. Co. v. Loyal Protective Life Ins. Co., 326 F.2d 841 (2d Cir.1963), cert. den. 376 U.S. 952, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964); Transnational Insurance Co. v. Rosenlund, 261 F.Supp. 12, 27 (D.Or. 1967).

■ The Sherman Act meaning of boycott includes even peaceful persuasion of a person to refrain from dealing with another. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466–467, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196 (1921); Professional & Business Men's Life Ins. Co. v. Bankers' Life Co., supra; Transnational Ins. Co. v. Rosenlund, supra.

■■ The amended complaint herein alleges that co-defendants attempted to persuade and did persuade financial institutions to refrain from dealing with plaintiff. Agreement or conspiracy to persuade the general public to refrain from dealing with plaintiff and agreement among co-defendants to refrain from dealing with plaintiff may be reasonably inferred from the allegations. Modern pleading requirements in anti-trust cases are particularly liberal. Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957); Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); D'Ippolito v. Cities Service Co., 374 F.2d 643 (2d Cir.1967); 2A Moore's Federal Practice, ¶ 8.17[3].

## II

■■ Co-defendant asserts that the complaint is insufficient because it fails to allege unreasonable restraint on trade or public injury. In cases alleging boycott and other *per se* violations of the federal anti-trust laws, no such allegations are necessary. Klor's Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959); Forgett v. Scharf, 181 F.2d 754 (3d Cir.

1950) cert. denied 340 U.S. 825, 71 S.Ct. 59, 95 L.Ed. 606 (1950). The complaint herein properly alleges a *per se* violation of the anti-trust laws and substantial damage to the plaintiff. Allegations of unreasonable restraint on trade or public injury are unnecessary.

## III

■■ In previous orders this Court has determined that it has jurisdiction over the claim for libel included in the complaint. The doctrine of pendent jurisdiction as set forth in the leading case of United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and subsequent cases leave little doubt that where the claims arise as they do in the case at bar from the same nucleus of operative fact, the Court has jurisdiction. From the face of the amended complaint, moreover, it appears that the federal claim is by far the predominant one, both in terms of damages involved and in complexity of legal issues. Convenience of the parties, including that of the moving defendant, would appear to be best served by retaining both claims in this Court.

## IV

■ Co-defendant next argues that an action for libel cannot be brought by a corporation. No authorities are cited. Co-defendant relies on the argument that the statute, Act of February 19, 1902, p. 214, sec. 2, 32 L. P.R.A. § 3142, refers only to "persons" and that no cases of the Supreme Court of Puerto Rico have been reported where a corporation or other entity has sued for libel. In effect, defendant's position is that a juridical person as distinguished from a natural person in Puerto Rico can be libelled with impunity and those responsible for a libel that could destroy its business are immune. Plaintiff's action in suing for libel, however, is not unique in Puerto Rican legal annals. As far back as 1941, in Las Mon-

jas Racing Corp. v. Puerto Rico Ilustrado, Inc., 58 P.R.R. 930, a corporation sued another corporation for libel. The Supreme Court saw nothing improper in such an action. Even group libel has been recognized by the Puerto Rican Court. Rosado v. Fluor International, 81 P.R.R. 592 (1959). The law of libel of Puerto Rico, moreover, is derived from the United States and can be best interpreted by reference to American Case Law when no local precedents are available. Jimenez v. Diaz Caneja, 14 P.R.R. 9 (1908). Under the American jurisprudence, it is universally recognized that artificial persons can bring such an action.

## V

Co-defendant finally contends that the claim based on libel must be dismissed because special damages are not alleged. Co-defendant's argument is based upon a confusion between the nature of a trade libel and that of a libel of a corporation or other business directly, whether in its credit, its methods of doing business or its ability to do business.

A trade libel is a libel of the *product* of a corporation and not of the corporation itself. Eversharp, Inc. v. Pal Blade Co., 182 F.2d 779, 780 (2d Cir.1950). A trade libel is not actionable absent an allegation of special damages. A libel of a corporation, its credit, its ability to do business or its methods of doing business is a libel *per se* and actionable without allegation or proof of special damages. Security Benefit Ass'n. v. Daily News Co., 299 F. 445 (CA8–1914); Maytag Co. v. Meadows Mfg. Co., 45 F.2d 299 (CA7–1930); Diplomat Electric, Inc. v. Westinghouse Electric Supply Co., 378 F.2d 377 (5th Cir. 1967). Puerto Rican cases, likewise, hold that a libel which tends to injure a person directly in his business is a libel *per se*. Gonzalez v. Ramirez Cuerda, 88 P.R.R. ——, 88 D.P.R. 125, 128 (1963) (English version not yet printed). The amended complaint alleges a direct libel of the plaintiff and its business. Accordingly, it is

Ordered, that the motion of co-defendant Great American Insurance Company to dismiss the amended complaint be, and hereby is denied; and it is further

Ordered, that co-defendant file its answer to the amended complaint within ten days of the filing hereof.