Lloyd I. Hebzka, J.
Motion to dismiss as legally insufficient a complaint in an action based upon slander.
The complaint alleges, among other things, that plaintiff is engaged in the gas-oline service station business; that he is a member, leader and spokesman for the Gasoline Merchants of Brooklyn, Inc.; that he holds office in other trade organizations specified in the complaint; that on March 25, 1957, at a meeting of the Gasoline Station Council of Metropolitan New York, Inc., the following alleged defamatory words were spoken of plaintiff by the defendant: “ Sam Rosenwasser is on the payroll of the major oil companies.”
No special damages are alleged and unless the utterance is held to be slanderous per se the complaint must be dismissed. Standing by itself, the statement does not appear to be slanderous per se. The complaint, however, charges that these words were intended to convey the meaning and were understood to mean that plaintiff was a paid informer of the major oil companies which dealt with the members of the association, and that the nlaintiff’s words and actions were inimical and detrimental *609 to the interests of his fellow members. It is also alleged that the words were intended to mean that plaintiff was unworthy of belief and should be discredited.
In the court’s view the alleged statement, standing alone, is not defamatory and does not justify the meaning attributed to it by the innuendo pleaded in the complaint. The purpose of an innuendo is not to change the natural meaning of language. Words which are not slanderous in themselves cannot be made so by innuendo. (Hays v. American Defense Soc., 252 N. Y. 266; Notarmussi v. Shevack, 108 N. Y. S. 2d 172.)
It may be that extrinsic facts and circumstances can be alleged in the instant case which would give a defamatory meaning to words otherwise innocuous and supply a basis for the innuendo sought to be drawn from the defendant’s alleged statement. The complaint, however, lacks such allegations.
The plaintiff also contends that even if the complaint is legally insufficient as a cause of action in slander it may be sustained as an action for injurious falsehood. The difficulty with that position is that in an action for injurious falsehood special damages are an essential part of such a cause of action (Frawley Ghem. Corp. v. Larson Co., 274 App. Div. 643; Grattan v. Societa Per Azzioni Cotonificio Cantoni, 137 N. Y. S. 2d 235, 237; Prosser on Torts, p. 764).
Since the complaint may not be sustained as an action for injurious falsehood and since the words are not slanderous per se and it cannot be said that the words stated are fairly susceptible of the meaning imputed to them by the innuendo pleaded in the complaint, the defendant’s motion to dismiss is granted, with leave to plaintiff to plead over within 20 days after service of a copy of this order with notice of entry thereof. Settle order on notice.