■ FRANCES J. RIGGIO, as Administratrix of the Estate of WILLIAM W. KOENIG, Deceased, Respondent, v. BERNARD KRANSDORF et al., Defendants, and ERIE RAILROAD COMPANY, Appellant.— In an action to recover damages for wrongful death and for conscious pain and suffering, an order was made on the motion of the administratrix, granting leave to serve an amended complaint (1) omitting the cause of action for conscious pain and suffering, (2) increasing the amount of the damages for wrongful death from $100,000 to $250,000, and (3) pleading an additional cause of action against the Erie Railroad Company, the intestate's employer, under the Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–60). Erie appeals from so much of said order as permits the inclusion of the additional cause of action in the amended complaint. The intestate, a passenger in a motor vehicle owned by defendant Kransdorf and operated by defendant Hohorst, received injuries which resulted in his death, when the motor vehicle in which he was riding and the motor vehicle owned by defendant California Pie & Baking Co., Inc., were involved in a collision with motor vehicles owned by appellant and defendant United States Trucking Corporation. At the time of the accident the intestate was en route to an eating place during a regular meal period. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ SAMUEL ROSENWASSER, Appellant, v. BEN FABRIZZI, Respondent.— In an action to recover damages for slander, an order was entered granting a

motion to dismiss the complaint on the ground that it did not state a cause of action, with leave to serve an amended complaint. The appeal is from so much of the order as dismissed the complaint. Order insofar as appealed from affirmed, with $10 costs and disbursements. The complaint alleges, in part, that respondent uttered a statement that appellant was "on the payrolls of the major oil companies". The complaint further alleges that appellant is a gasoline service station operator and actively identified in trade association and public relations endeavors. In our opinion, the complaint was properly held to be insufficient since the alleged defamatory words are not slanderous per se in the absence of allegations that they were spoken of appellant in connection with his character or conduct of his activities (*Weiss* v. *Nippe*, 5 A D 2d 789). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [8 Misc 2d 608.]